(No. 19978.

SARAH SIMONSON, Appellant, *vs.* EUNICE GOLDBERG, Appellee.

*Opinion filed February 21, 1930.*

ABRAM Z. ZIETLEIN, for appellant.

ROSENBERG, BRAUDE & ZIMMERMAN, and SAMUEL B. BARNETT, (H. J. ROSENBERG, and IRVING S. BERMAN, of counsel,) for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

In 1902 Carl H. Sweitzer was the owner of lots 29 and 30 in Oak Grove addition to the city of Chicago. Each lot has a frontage of 50 feet on the south side of Barry avenue and is about 200 feet in depth. Lot 30 lies immediately east of lot 29. A sidewalk extends east and west along the south side of Barry avenue near the north line of the lots. Sweitzer erected a three-story brick building containing eighteen apartments on lot 30. The building occupies practically the entire lot with the exception of its west 10½ or 11 feet. Three entrances or doorways were placed some distance apart on the west side of the building for the ingress and egress of the occupants of the apartments. On either side of each doorway the west wall of the building extends out about three feet, forming bay-windows. The owner of the lots also constructed about the same time a concrete sidewalk almost seven feet in width, extending from the walk on Barry avenue to the south end of the apartment building. This walk was laid on the east six and two-thirds feet of lot 29 and the west four inches of lot 30. A connecting sidewalk was built from this main walk to each of the three doorways of the building, and the main walk has since been used continuously by the occupants of the apartments. The title to both lots continued in the then common owner, Fay G. Barnett, until November 1, 1928, at which time Mrs. Barnett and her husband sold and conveyed lot 30 to A. George Woods. This conveyance contained the following provision: "Nothing contained in this deed shall be construed as a conveyance of or lien upon or over any premises adjoining the premises hereby conveyed." That deed was duly recorded on November 2, 1928. Thereafter by *mesne* conveyances Sarah Simonson became the owner of lot 30. On April 29, 1929, Mrs. Barnett and her husband con-

veyed lot 29 to Eunice Goldberg, who, apparently, is now the owner of the property, which is still vacant and unimproved. During August, 1929, Sarah Simonson filed a bill in the superior court of Cook county alleging, among other things, that about August 5, 1929, which was approximately ten days after she acquired title to lot 30, she was advised by the agents of the owner of lot 29 that the main sidewalk leading from Barry avenue to her apartment building entrances was on lot 29 and that she must cease using the same, and that the owner threatens to destroy the walk and to erect a fence along the east line of lot 29. By the bill she sought to establish an easement over the seven-foot concrete sidewalk extending over the lots in question to the south line of her building and to restrain the owner of lot 29 from in any way interfering with the free and unmolested use òf the sidewalk for the ingress and egress of the owners and occupants of the apartment building located on lot 30. After answer and replication were filed a hearing was had before the chancellor, and a decree was entered dismissing the bill for want of equity and dissolving the injunction previously issued. It was stated in the decree that the clause placed in the deed to Woods at the time of severance of the properties in 1928 was sufficient to place the complainant on notice that the easement was then disputed. From that decree Sarah Simonson has prosecuted an appeal to this court.

The contention of appellant is that an easement was created by implication, and that the clause appearing in the deed of November 1, 1928, from Fay Barnett and her husband to A. George Woods is ambiguous, uncertain and not sufficiently clear to abrogate or determine the easement or to cause a prudent man to seek and investigate other facts so as to acquaint himself with the real situation concerning the adjoining properties. Appellee's position is that a grantor may, and did in the instant case, stipulate in his conveyance severing common ownership that the easement

which otherwise would result should not exist, and that appellant, as a subsequent purchaser, is bound by the restrictions, reservations, exceptions or conditions contained in a recorded deed in her direct chain of title. Appellee also states that in the absence of the clause in the Barnett deed of November 1, 1928, to Woods, no easement was created by implication, because the passageway over the east six and two-thirds feet of lot 29 is a way of convenience for lot 30 and not one of reasonable necessity.

Easements by implication have frequently been considered by this court. "The general rule is, that where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership there arises by implication of law a grant of the right to continue such use. The application of the rule must depend upon the nature, arrangement and use of the estate, the relation of the parts to each other, and the existing degree of necessity for giving such construction to the grant as will give effect to what may be supposed to have been, considering the manner of the use, the reasonable intendment of the parties; the underlying principle in such cases being, that included in the grant are all such privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the thing granted, substantially in the condition in which it is enjoyed by the grantor, unless the contrary is provided." (9 R. C. L. sec. 22, p. 755.) The foregoing rule has been announced in *Morrison* v. *King*, 62 Ill. 30, *Feitler* v. *Dobbins*, 263 id. 78, *Fossum* v. *Stark*, 302 id. 99, and *Fels* v. *Arends*, 328 id. 38. In *Feitler* v. *Dobbins, supra,* the court said: "The doctrine is founded upon the principle that the conveyance of a thing imports a grant of it as it actually exists at the time the conveyance is made unless a contrary intention is manifested in the grant."

The common owner of the two lots at the time of severance apparently had no intention of creating an easement by implication if the clause, "nothing contained in this deed shall be construed as a conveyance of or a lien upon or over any premises adjoining the premises hereby conveyed," placed in the conveyance to Woods, means anything. The clause must have been intended to serve some useful purpose or it would not have been used by the grantors. They continued to possess lot 29, which was unimproved at the time they sold lot 30, and they, perhaps, had in mind the future development or sale of lot 29 and desired to retain its full width of 50 feet for either purpose instead of having any permanent right to become attached to or upon the east six and two-thirds feet of their property. This is not an unreasonable observation or supposition in view of the fact that the undisputed proof in the record shows that lot 29 would be worth about $600 per foot without the alleged easement impressed upon it and $300 per foot with the easement thereon. A further circumstance is that the apartment building did not occupy the entire width of lot 30, and a sidewalk seven feet wide, or one less in width if desirable, could be constructed thereon along its entire west line. Such a walk would not be a very expensive undertaking and would doubtless serve the apartment property equally as well. It is true that other language could have been used to more particularly and more explicitly set forth the intention of the parties, but we consider it sufficient to show that the purpose of the grantors causing the severance was that no rights or privileges should be thereby created affecting the adjoining premises which were owned by the grantors. The deed containing the provision had been previously recorded, and appellant cannot contend that she was in any way prevented from being informed or from ascertaining what her rights were or how the property she contemplated purchasing might be affected there-

by. *Frye* v. *Partridge,* 82 Ill. 267; *Wiegman* v. *Kusel,* 270 id. 520.

A recent case involving the question whether an easement in a sidewalk or passageway was created by implication is that of *Fels* v. *Arends, supra.* After making some observations of the many cases on the subject as to what degree of necessity was required to create such an easement, this court said: "The easement claimed over the property of another must be so highly convenient as that closing the way would be a detriment and injury to the party claiming the easement in the reasonably convenient use of his property." In the instant case, if appellant's building occupied the entire width of her lot and she had no other means of access to her apartments a different situation would present itself, but the record shows that she may at not a great expense construct a walk of sufficient width for the comfortable and convenient use by the occupants of her apartment building along the entire west boundary line of lot 30. Such a walk would commence at the sidewalk on Barry avenue and connect with each of the three west entrances to her building. There is no showing that the building on lot 30, or the entire premises, would be lessened in value thereby, but there is proof to the effect that lot 29 would be materially decreased in value if an easement were impressed upon and along the entire east six and two-thirds feet of the property. We are further of opinion that the sidewalk here involved is not so highly convenient to the enjoyment of appellant's property that to prevent her from using it would be such a serious inconvenience or injury to her in the enjoyment of her property as to render the property less valuable or desirable.

The decree of the superior court dismissing the bill of appellant for want of equity will therefore be affirmed.

*Decree affirmed.*