(No. 34042.— )
LEON C. PARTEE *et al.,* Appellees, *vs.* GUISEPPE PIETROBON
*et al.,* Appellants.

*Opinion filed January 24, 1957.*

PHILIP F. LOCKE, and CECIL L. CASS, both of Glen
Ellyn, for appellants.

LEREN & BUREK, of Wheaton, (ALEXANDER J. BUREK,
of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Under a complaint filed in the circuit court of Du Page
County the plaintiffs, Leon C. Partee, Ruby M. Partee,
and Tillie Craig, sought to both enjoin and eject the de-

fendants, Guiseppe Pietrobon and John Pietrobon, from the use and possession of a certain easement which ran across the Partee property. Defendants answered denying the material allegations of the complaint and, at the hearing which followed, the court refused to grant injunctive relief but found for the plaintiffs on the ejectment count and ordered possession in fee simple restored to Leon C. Partee and Ruby M. Partee. From that decision the defendants have prosecuted a direct appeal to this court. *Cienki* v. *Rusnak*, 398 Ill. 77.

The Partee property is a rectangular, 4½-acre plot fronting on the west side of Hickory Lane, a north and south public roadway located in Du Page County, and running thence westerly some 1173 feet to a public service right of way, which also runs in a northerly direction. Two similar parcels, also fronting on Hickory Lane and extending to said right of way, are owned by the defendants and adjoin the Partee land on the north and the south, respectively. The defendants also own a 67-acre farm that is situated just across the public service right of way from the north Pietrobon parcel and which runs both north and west to connect with other public ways. Adjoining this farm on the south, and directly across the service right of way from the Partee and south Pietrobon properties, lies a 20-acre tract owned by the plaintiff Tillie Craig.

The easement in question is 40 feet wide and extends westerly from Hickory Lane along the extreme north side of the Partee property to the public service right-of-way. From there it turns south and runs along the west side of the Partee and south Pietrobon lands until it reaches the south line of the Pietrobon property, at which point it narrows to 16 feet in width and crosses the right of way to the Craig property.

The real estate now held by the parties herein was originally owned by one John MacQueen but was conveyed by him in 1934 to the Third National Bank of Rockford,

as trustee, under an agreement giving the said trustee full power to sell and to grant easements of every kind and character. In July, 1943, the trustee sold the Partee property to the present owner "subject to an easement for private road purposes over and across the north forty (40) feet thereof and over and across the west forty (40) feet thereof." At about the same time it conveyed what is now called the north and the south Pietrobon properties to one Frank Buese and Dessie Riley, respectively, the latter transfer being subject "to an easement for private road purposes over and across the west forty (40) feet thereof." Two years later the trustee sold the Craig property to Edward and Ethel Reque, and they in turn almost immediately sold the 20-acre tract to the plaintiff Tillie Craig, the latter conveyance including the present easement across both the Partee and Pietrobon land. In 1954 the trustee quitclaimed the same easement to the Reques and they again conveyed this interest to Tillie Craig. Meanwhile, in 1945, the defendants acquired their north and south parcels from Buese and Riley, respectively, and in 1950 purchased their 67-acre farm.

At the trial itself Ruby Partee testified that she purchased and took possession of her property in 1938 under a contract for deed, and that at such time the land was open prairie without any roadways or visible easements whatsoever. Indeed, she stated that the road which now marks the easement in question was constructed by her, after she went into possession, for the purpose of hauling gravel from a pit on the Craig property, and that the easement was later improved by the plaintiff, Tillie Craig. By her account, the defendants first started using the easement when they bought their farm in 1950, and since then the parties have been engaged in almost continuous litigation. This witness also pointed out that, in addition to the disputed easement itself, the defendants have two other roadways which they may and do use to enter their prem-

ises from Hickory Lane, the first of such ways being located adjacent to the easement and on the south line of the north Pietrobon property and the other being also parallel with the easement in question and running on the north side of the south Pietrobon property next to the Partee land.

Tillie Craig testified that she has no other means of ingress or egress to her property except over the disputed easement, that she had observed the defendants using both the easement itself and the roads on the north and south parcels of their own property, and that the Pietrobons had on occasion moved agricultural implements along the easement right of way.

For the defense Regina Pietrobon described how she purchased the south parcel in 1945 through Edward Reque, a real-estate broker, and stated that at time of sale she was shown a plat of the property which clearly indicated that an easement existed across the Partee property at its present location. Charles V. Muscarello, the attorney who represented the defendants at the particular real estate closing, testified that he saw a plat in the Reque office and that it showed the easement now in issue. Finally, the real estate broker himself testified that he was the same Edward Reque who had acquired and conveyed title to the Craig property and that he used plats of the type described by Regina Pietrobon in selling the properties in that locality.

Since there is no dispute as to the validity or existence of the easement itself, the sole question presented here is whether the Pietrobons have an interest in or a right to use this right of way. The defendants admit they took title to their south parcel subject to the easement, but contend that this reservation and the one contained in the Partee deed were for the benefit of whoever owned property in that vicinity, including the Pietrobons. The plaintiffs, on the other hand, insist that the easement was created solely for the benefit of the Craig land and that the defendants enjoy no rights therein.

In support of their position the defendants have cited many cases to show that an easement, whenever possible, will be construed as appurtenant to and running with the land, (*Gulick* v. *Hamilton*, 287 Ill. 367; *Kuecken* v. *Voltz*, 110 Ill. 264); that an easement by implication need not be based on absolute necessity, (*Cosmopolitan National Bank of Chicago* v. *Chicago Title and Trust Co.* 7 Ill.2d 471; *Hankins* v. *Hendricks*, 247 Ill. 517); and that an owner of land may so arrange the various parcels of his property that implied easements will arise at the time of their severance. (*Carter* v. *Michel*, 403 Ill. 610; *Cihak* v. *Klekr*, 117 Ill. 643.) With these rules of law we have no quarrel. However, we have many times held that an easement raises an interest in land and must be created under an express grant, by implication, or through prescription. (*Traylor* v. *Parkinson*, 355 Ill. 476; *Brunotte* v. *DeWitt*, 360 Ill. 518; *Fallon* v. *Illinois Commerce Com.* 402 Ill. 516.) Since the defendants do not contend that they received any easement rights by either express grant or prescription, we are here concerned only with a claim of easement by implication.

To establish such implied rights the burden was upon the defendants to prove (1) that there was a separation of title from the common ownership, (2) that before the separation occurred the use which gave rise to the easement itself was so long continued, obvious, and manifest that it must have been intended to be permanent, and (3) that the use of the claimed easement was highly convenient and beneficial to the land conveyed. (*Traylor* v. *Parkinson*, 355 Ill. 476; *Carter* v. *Michel*, 403 Ill. 610; *Kling* v. *Ghilarducci*, 3 Ill.2d 454; *The Liberty National Bank of Chicago* v. *Lux*, 378 Ill. 329.) It is our opinion that the defendants did not successfully carry that burden of proof.

Here, the land was in common ownership until 1943, at which time the Partees received a trustee's deed to their property subject to the 40-foot easement. The same reser-

vation was contained in the conveyance by the trustee to Dessie Riley. In neither instance was there any indication for whose benefit the easement was reserved. Title to this right of way remained with the trustee until at least 1947 when it sold all the remaining property to Edward Reque, and such title was expressly conveyed by the trustee's later deed to Reque in 1954 and by the latter's sale to Craig in 1947 and 1954. It is interesting to note that on the dates of the Partee and Riley deeds, the trustee still owned the Craig property and such easement was necessary for ingress and egress to this land. Immediately upon the conveyance of such 20-acre tract the easement began to be expressly included in the chain of title. In addition, it must be remembered that the easement in question ran to and ended at the Craig land, and that this was the only property within the group that did not adjoin a public highway. Thus, rather than showing an intention to reserve the way for all neighboring landowners, these facts would indicate that the easement was reserved for the exclusive benefit of the Craig property and that right of possession thereto now rests with the present owner, Tillie Craig.

Furthermore, at the time of trial, Ruby Partee testified there was no roadway or servitude upon her property prior to the time she acquired her interest therein by severance from the common owner. No evidence was offered by the defendants to dispute this statement or to show that the roadway was used by either them or their predecessors in title before 1945. In fact, no mention was made of any understanding or agreement between the trustee, as the last common owner, and the original grantees, Riley and Buese, concerning such easement. It is true testimony was presented to show that the defendants, when purchasing this real estate in 1945, were told by the broker the right of way did exist, but there was no evidence to indicate they were led to believe that it was for their benefit or that they had any rights therein. Even if such had been the

case, it could hardly be said to affect an easement which had arisen some two years earlier and was then owned by a party not connected with the real estate transaction.

Finally, there was no showing that the use of the right of way was even convenient to the Pietrobons, and the plaintiffs' claim that parallel ways existed on the defendants' land was allowed to remain unchallenged. Implied easements cannot be raised upon such meager facts.

For the reasons stated we are of the opinion the defendants have no right, title or interest in said easement and that the lower court was correct in so holding. The judgment of the circuit court of Du Page County is, therefore, affirmed.

*Judgment affirmed.*