(No. 36072.——

THE PEOPLE *ex rel.* HELEN HELGESON *et al.,* Appellees, *vs.* LOUIS HACKLER *et al.,* Appellants.

*Opinion filed January 20, 1961.*

WHITE & WILLIAMS, of Havana, and DUNKELBERG & RUST, of Pekin, for appellants.

SORLING, CATRON AND HARDIN, of Springfield, and EDWARD A. KREBAUM, of Havana, (GEORGE W. CULLEN, of counsel,) for certain appellees, and KENNETH H. LEMMER, and RICHARD W. VELDE, of Havana, for other appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, Helen Helgeson, initially made the Mason and Tazewell Special Drainage District and its commissioners, defendants in a *mandamus* action to compel construction of a bridge across a drainage ditch and thereby afford access from her land to a public highway. She later joined members of the Hackler family as defendants seeking a determination that she has an easement across their adjoining land and praying for an injunction to restrain interference with such easement. This appeal is from a decree dismissing the drainage district count, declaring a 20-foot wide easement of necessity over certain of the Hackler land and enjoining interference with plaintiff's use of the easement. A freehold is involved.

The cause was submitted on stipulations from which the following facts appear: During his lifetime, Oliver S. Biggs owned and farmed as a unit the south one-half of the southeast quarter, called tract I, and the east one-half of the southwest quarter, plus the east five acres of the southwest quarter of the southwest quarter, called tract II, all in section 33, township 22 north, range 5 west, in Mason

County, Illinois. A road runs along the east side of the above land and a paved highway, Route 136, runs along its south boundary line. Access to the highway from tract II is prevented by an impassable, water-filled ditch of the drainage district which enters the south line of tract I, then turns and runs west alongside of and parallel to the north side of the highway to a point 120 feet east of the southwest corner òf tract II where it turns to the northwest, leaving a 150 by 120-foot triangle of land between the ditch and the highway. Tract II is thus landlocked by tract I, the drainage ditch, and the lands of strangers.

At Bigg's death in 1947 he devised tract II to the plaintiff and tract I to a Harold Palmer who subsequently conveyed it to the Hackler's in 1951. From 1947 to 1958 the plaintiff's access to and from her farm was had by passing over and across the Hackler's farm, and in 1958 an alternate route, consisting of a 20-foot road running along and on the north bank of the drainage ditch to the highway, was established for plaintiff's use. However the Hacklers later demanded a yearly consideration from the plaintiff for a right of access across tract I. Plaintiff thereupon requested the commissioners to construct a bridge across their ditch to provide her an access to the highway, but the commissioners refused on the grounds that she had access to the highway by way of an easement across the Hackler farm.

The stipulation admits that plaintiff is entitled to have a means of ingress and egress, and that failure of the Hacklers to give plaintiff a means of ingress and egress, plus the existence of the drainage ditch, prevents plaintiff from having the use of tract II. We will therefore not go into the effect of the small triangular tract in the southwest corner on the question of access.

It is argued by the owners of tract I that plaintiff owns the fee, extending all the way to the highway, that the right of the drainage district is only to the easement of

the right of way for drainage purposes and that therefore plaintiff's land is adjacent to a public highway throughout the length of her south boundary. But the intervening strip used for drainage purposes is separate ownership, whether a right of way or a fee, so that tract II is not contiguous to the highway, and the strip is an effective barrier.

They further argue that the drainage district is under an obligation and should be compelled to construct a bridge across its ditch pursuant to the provisions of section 12—5 of the Illinois Drainage Code (Ill. Rev. Stat. 1959, chap. 42, par. 12—5,) providing for the construction "of at least one bridge or proper passageway over each open ditch * * * where the same crosses any enclosed tract or parcel of land in such a manner that a portion thereof is landlocked and has no access from any public highway other than by a bridge or passage-way over the ditch." Reliance is placed on the rule that wherever available alternatives affording reasonable means of ingress and egress are present, easements by implication should not be sanctioned. *Traylor* v. *Parkinson,* 355 Ill. 476; *VanPatten* v. *Loof,* 349 Ill. 483; *Simonson* v. *Goldberg,* 338 Ill. 420; *Fels* v. *Arends,* 328 Ill. 38.

Where, during the unity of title, an apparent and obvious, permanent, continuous and actual servitude or use is imposed on one part of an estate in favor of another, which at the time of severance of unity is in use and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such unity of ownership there arises by implication of law a grant of the right to continue such use even though such grant is not reserved or specified in the deed. Three conditions are regarded as essential to create such an easement: first, a separation of the title; second, that before the separation takes place, the use giving rise to the easement shall have been apparent and obvious, continuous, and manifestly permanent; and third, that it be necessary to the beneficial enjoyment of the dominant estate.

*Sheehan* v. *Sagona,* 13 Ill.2d 341; *Cosmopolitan Nat. Bank* v. *Chicago Title and Trust Co.,* 7 Ill.2d 471; *Carter* v. *Michel,* 403 Ill. 610; *Fossum* v. *Stark,* 302 Ill. 99.

Whether an easement by implication was created across tract I must be determined as of the time of severance of title which occurred at the death of Biggs when tract II was devised to the plaintiff and tract I to appellant's predecessor in title. (*Walker* v. *Witt,* 4 Ill.2d 16; *Carter* v. *Michel,* 403 Ill. 610; *Deisenroth* v. *Dodge,* 7 Ill.2d 340.) The stipulated facts show that during Biggs's ownership of both tracts, and up to and including the hearing in this case, tract II had no means of access other than across tract I; that during Biggs's lifetime a permanent and obvious servitude was imposed on tract I in favor of tract II which was at his death, and for many years thereafter, still in use and necessary for the productive farming of tract II. We think it clear that at Biggs's death an easement by implication was imposed on tract I in favor of tract II and that the owners of both tracts recognized the reasonableness of such an easement by their long acquiescence in its existence. Therefore, at the time the plaintiff made her demand on the drainage district for the construction of a bridge she had an existing easement across tract I giving her access to a highway and the trial court rightfully held that the drainage district was under no duty to construct a bridge for her benefit.

It is well established that the law does not require a showing of absolute necessity to support the imposition of an easement by implication over the lands of others, but it is sufficient that such easements be reasonable, highly convenient and beneficial to the dominant estate. (*Gilbert* v. *Chicago Title and Trust Co.* 7 Ill.2d 496; *Deisenroth* v. *Dodge,* 7 Ill.2d 340; *Walker* v. *Witt,* 4 Ill.2d 16; *Koubenec* v. *Moore,* 399 Ill. 620; *Fossum* v. *Stark,* 302 Ill. 99.) The facts and circumstances of this case indicate that those conditions exist.

The Hacklers' further contention that the easement is not described with sufficient particularity is contradicted by their stipulation that since 1947 a well-defined way, whether described as a road or a farm path, has been establish over and across a part of tract I for the purpose of according a means of ingress and egress to tract II and, since 1958, an alternate route running along and contiguous to the north bank of the drainage ditch provides tract II with access to the highway. It is this alternate route, 20 feet in width, over which the trial court declared the easement to exist.

We find no error in the decree of the circuit court of Mason County and it is affirmed.

*Decree affirmed.*