JAMES A. SEIBER *et al.*, Plaintiffs-Appellants, v. ALICE LEE, Defendant-Appellee.

Fifth District No. 5—86—0114

Opinion filed July 28, 1987.

---

*Justice Calvo replaces Justice Kasserman, who retired after the entry of court's opinion and prior to its decision on rehearing.

William C. Evers III, of Collinsville, for appellants.

Weihl & Millard, Ltd., of Belleville (Donald E. Weihl, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs, James A. Seiber and Erma I. Seiber, brought suit requesting a declaratory judgment and a permanent injunction against defendant, Alice Lee, who they alleged was obstructing their use of an implied easement over her property. Defendant denied the existence of the implied easement. The trial court concluded, after hearing all the evidence, that plaintiffs failed to prove their right to an easement and denied plaintiffs the relief they requested. From that order, plaintiffs appeal.

364

The evidence established that the defendant, Alice Lee, and her husband, Charles Lee, purchased the northwest quarter of the northwest quarter of section 9, township 2 north, range 8 west, of the third principal meridian, St. Clair County, Illinois, in the mid-1940s. The following diagram, adapted from defendant's exhibit No. 1, is included and made a portion of this opinion. (The northwest quarter of the northwest quarter is denoted in the diagram as parcel "A.")

N.W. 1/4, Sec 9, T 2 N, R 8 W, of 3rd P.M., St. Clair County, State of Illinois

At the outset we note that in reviewing the trial court record, much of the testimony in the transcript concerning the alleged easement is not helpful to the court on review because the witnesses often responded merely by indicating on an exhibit a location described only

as "here" or "there" or "this," and the parties' attorneys made no effort to cause the record specifically to indicate what was being described. We have nevertheless attempted to ascertain the routes taken by the various easements referred to in the testimony and have indicated them as best as possible on the diagram.

The evidence established that Charles Lee and Alice Lee, as their means of ingress and egress, had access to their land (parcel A) by means of a 16.5-foot-wide road which had been established as far back as 1882. That road continues to exist and was enlarged to a 50-foot-wide easement by deed from the defendant, Alice Lee, and her husband to a Billy Chessor in 1979. The language in the deed provided that the 50-foot-wide easement was to include the 16.5-foot area of the previously existing easement. (This easement extends in a generally north and south direction and is illustrated on the diagram and labeled "50-foot easement.")

The evidence also established that in September of 1954 the defendant, Alice Lee, and her husband, Charles Lee, acquired from Illinois State Trust Company an 8-foot-wide easement to access their land (parcel A) from the east. The evidence at trial revealed that no road was ever built to follow this easement and the parties simply referred to this easement as a "paper easement." This 8-foot-wide easement was recited to be:

> "*** over a strip of land Eight (8) feet wide, being the extension Westwardly of the South eight (8) feet of Southern Drive, as shown on the plat of 'First Addition to Brooksfield Subdivision, part of Lot 2 N.E. 1/4 of Section 9, T. 2 N. R. 8 W. 3 P.M., St. Clair County, Illinois', reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois, in Book of Plats 52 on page 13, and following the crest of a ridge over said Lot numbered Two (2) in the Northeast Quarter (1/4), and over the East one-half (1/2) of the Northwest Quarter (1/4); all in Section numbered Nine (9), Township Two (2) North, Range Eight (8) West of the Third Principal Meridian, to its terminus where it will intersect the East line of the Northwest Quarter (1/4) of the Northwest Quarter (1/4) of said Section Numbered Nine (9)."

Defendant argued at trial and in her brief that this easement follows the course as illustrated on the diagram and labeled "Illinois State Trust Co. easement."

Charles Lee and Alice Lee purchased an additional triangular-shaped 11.03 acres in the northeast corner of the southwest quarter of the northwest quarter in 1957 immediately to the south of the east-

ern portion of the 40-acre parcel (parcel A). In 1975, they purchased an additional rectangular tract containing five acres lying immediately to the east and contiguous to the 11.03-acre triangular-shaped tract. (The 11.03-acre parcel is labeled "B" and the five-acre parcel is labeled "C" on the diagram.)

The evidence indicated that since 1946 the defendant, Alice Lee, and her husband owned the 40-acre tract and had occupied a residence located on the tract. Sometime in the mid-1950s, Charles Lee and Bill Lee, his son, built a driveway to reach their home located on the 40-acre tract. This driveway was an extension of Southern Drive, a roadway which led to other roads which in turn connected to Hollywood Heights Road, the main thoroughfare between Illinois Routes 159 and 157. (This driveway is illustrated in the diagram with a heavy line and is labeled "disputed easement.") The driveway entered the five-acre tract (parcel C) from its east line and crossed its north line onto property owned by Jo Ann Lee and Bill Lee (labeled as parcel "D"). Bill Lee is the son of the defendant, and Jo Ann Lee is the daughter-in-law of the defendant. The driveway then continued to the east line of the southwest quarter of the northwest quarter, where it crossed the corner of the quarter section and entered the northwest quarter of the northwest quarter at the south line.

In 1979 Charles Lee and Alice Lee began residing in a mobile home next to the driveway on the five-acre tract (parcel C). Charles Lee built a workshop next to the driveway and a garage was also constructed. The driveway was closed off with a gate (location labeled on diagram) where it joined Southern Drive. Although the exact date the gate was constructed and installed is unclear from the evidence, the testimony did indicate that it was built and installed by Charles Lee and therefore would have been in place before October of 1980 inasmuch as Charles Lee died on October 27, 1980.

The evidence also indicated that in 1979 when Charles Lee and Alice Lee began residing in the mobile home on the five-acre tract, the residence on the northwest quarter of the northwest quarter (parcel A) became occupied by an Art Smith. The 16.5-foot wide road was in use at that time since the evidence indicated that Charles Lee and Art Smith fixed up the road so that Smith could use it to go in and out of the property.

On July 12, 1979, Charles Lee and Alice Lee conveyed the northwest quarter of the northwest quarter (parcel A) to a Billy Chessor with "all easements of any kind, including easements of egress and ingress, that are owned by the grantors." The same deed increased the 16.5-foot-wide easement to a 50-foot-wide easement over that por-

tion of the southwest quarter of the northwest quarter that was owned by Charles Lee and Alice Lee. An all-weather road was built by Billy Chessor over the easement and road, and it was traveled by him for three successive years with all kinds of heavy equipment. He referred to this road as the "lower road" and the driveway as the "upper road." Billy Chessor testified that it was his preference to use the "lower road" (the 50-foot easement) as his access to the northwest quarter of the northwest quarter.

On April 24, 1980, Billy Chessor and his wife conveyed the northwest quarter of the northwest quarter (parcel A) to Wendell Chessor. On February 24, 1983, Wendell Chessor and his wife conveyed the northwest quarter of the northwest quarter (parcel A) to the plaintiffs, James A. Seiber and Erma I. Seiber.

The plaintiff, James Seiber, testified that he used the 40-acre tract (parcel A) for farming and that he occupied a residence located thereon. He further stated that he also rented a residence on the tract to another individual. Mr. Seiber testified that he used the road (the driveway in dispute) for about one year after he bought it until Mrs. Lee began locking the gate crossing the road. Mrs. Lee later put a fence up and had the road plowed up at a point. Bill Lee (one of the owners of parcel D) admitted to plowing up that portion of the driveway which passed over his property. James Seiber admitted that the gate was in existence but stated that it was unlocked when he bought the 40-acre tract from Wendell Chessor. Billy Chessor testified that he approached Mr. Lee about putting the gate up after he owned the 40-acre tract for a year. Mr. Chessor further related that he still used the driveway for ingress and egress thereafter although he preferred to use the lower road (50-foot easement).

After hearing and reviewing the evidence and exhibits, the trial court denied plaintiffs' prayer for a permanent injunction as well as plaintiffs' prayer for a declaratory judgment to find and declare an easement for ingress and egress over defendant's property. In its order the court found that plaintiffs "failed to prove their right to the easement alleged to formerly exist by a.) express grant, b.) prescription, or c.) implication"; "failed to prove that all the parcels over which the easement was alleged to formerly exist devolved from a common grantor"; and "failed to prove that the easement alleged to have formerly existed is necessary for the beneficial enjoyment of Plaintiffs' property." It is from this order that plaintiffs appeal, contending that the court erred in finding that plaintiffs failed to establish their right to an easement.

Easements are interests in land and can be created only by

grant, by implication, or by prescription. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 51 N.E. 2d 132.) We first conclude that the easement sought over the driveway in the case at bar cannot be found to be an easement created by grant. The road was constructed in the mid-1950s for use as a driveway. However, it was not built on the 8-foot easement granted by the Illinois State Trust Company inasmuch as the evidence established that the written easement from Illinois State Trust Company entered the northwest quarter of the northwest quarter through the east line of the quarter section, while the driveway of defendant, on the other hand, entered the quarter section through the south line of this quarter. We also note that the Illinois State Trust Company easement could not have been meant to have been an entry through the south line of the quarter section because the evidence showed that the easement grantor (Illinois State Trust Company) did not have any ownership interest in any portion of the southwest quarter of the northwest quarter and therefore could not grant an easement over any part of that quarter section. Additionally, Charles Lee and Alice Lee had no interest in the corner of the parcel in the east half of the northwest quarter that was owned by Jo Ann Lee and Bill Lee (parcel D) over which a part of the driveway was constructed. Having no interest in that portion of the east half of the northwest quarter that the driveway crossed made it impossible for the grant in the deed from defendant and her husband to Billy Chessor to pass any interest therein, as an easement or otherwise, to Billy Chessor in that portion of the east half of the northwest quarter that the driveway crossed. Since we find that there was no grant of an easement in the instant case, it would therefore have been necessary for any such easement sought by plaintiffs to have been perfected either by prescription or by implication.

Furthermore, although not urged by plaintiffs, we parenthetically state that the defendant's driveway cannot be found to be an easement created by prescription. It is well established that in order to require an easement by prescription, a claimant must establish that the use of the land was adverse, exclusive, continuous and uninterrupted, and under a claim of right for a period of at least 20 years. (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 531-32, 173 N.E.2d 499, 502; *Light v. Steward* (1984), 128 Ill. App. 3d 587, 593-94, 470 N.E.2d 1180, 1186.) In the case at bar, plaintiffs obtained their interest in the northwest quarter of the northwest quarter by deed dated February 24, 1983. The conveyance purporting to create the easement was dated July 12, 1979. Suit was filed on July 5, 1983. Thus, it is not possible for plaintiffs and their predecessors in title to have acquired

a prescriptive easement since their ownership was less than four years.

■ Since the easement could not have arisen by either grant or by prescription, the only remaining manner in which it could have originated is by implication. Two distinct types of easements by implication are recognized by law. An easement may be created by implication of law: (1) wherein a common grantor grants a parcel of land over which an easement already exists, or (2) by way of necessity in situations in which a grantor grants a parcel of land which has no access except over the remaining lands of the grantor or the land of strangers. (*Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 485, 458 N.E.2d 962, 968.) In their brief in the instant case, plaintiffs consolidate the two theories regarding creation of easements by implication of law, mixing both concepts together, and conclude that the trial court erred in failing to find that they had an implied easement. By separating the two theories and analyzing the elements of each individually, we find that plaintiffs' claim of an implied easement is not supported by the evidence.

■ It is well established in Illinois that to establish an easement by implication of law on the basis that title was derived from a common grantor, the parties so asserting must establish that three conditions have been satisfied: (1) that there was a separation of title from common ownership; (2) that before the separation occurred, the use which gave rise to the easement was so long continued, obvious, and manifest that it must have been intended to be permanent; and (3) that the use of the claimed easement was highly convenient and beneficial to the land conveyed. (*Partee v. Pietrobon* (1957), 10 Ill. 2d 248, 139 N.E.2d 750; *Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 485-86, 458 N.E.2d 962, 969.) Whether an easement by implication has been so created must be determined as of the time of the severance. *Cosmopolitan National Bank v. Chicago Title & Trust Co.* (1955), 7 Ill. 2d 471, 131 N.E.2d 4.

■■ It is equally well established that plaintiffs seeking an easement by implication must meet their burden of proof by clear and convincing evidence that at the time of the severance the easement was in existence and was intended to be permanent. (*Sheehan v. Sagona* (1958), 13 Ill. 2d 341, 346, 148 N.E.2d 795, 798.) On review, a court will not disturb the findings of a trial court as to proof of the conditions of an implied easement unless they are against the manifest weight of the evidence. *Rinderer v. Keeven* (1980), 90 Ill. App. 3d 34, 48, 412 N.E.2d 1015, 1026; *Neely v. Coffey* (1979), 76 Ill. App. 3d 37, 41, 394 N.E.2d 766, 769.

■■ As indicated above, the first of the two types of easements by implication of law arises when a common grantor grants a parcel of land over which an easement already exists. The order of the trial court in the instant case specifically found that the plaintiffs "failed to prove that all of the parcels over which the easement was alleged to formerly exist devolved from a common grantor." The judge heard the testimony and it was his decision that Charles Lee and Alice Lee had no interest in the parcel owned by Jo Ann Lee and Bill Lee (parcel D) over which a part of the driveway was constructed. We also note that Jo Ann Lee and Bill Lee were not made parties to the proceedings in the instant case and we fail to see how an easement by implication can be found to exist across their land when they are not before this court. The evidence also indicated that there was no separation of title from common ownership on the parcel owned by Jo Ann Lee and Bill Lee.

Plaintiffs take exception to the trial court's use in its order of the phrase—"easement was alleged to formerly exist." However, we find that the trial court could have found that there was no proof that the driveway was intended as a permanent access to the northwest quarter of the northwest quarter (parcel A). A review of the evidence indicates that when Art Smith took up residence on the northwest quarter of the northwest quarter, the 16.5-foot road (in existence since 1882) was specifically improved as his access so that he would not be required to use the driveway. Furthermore, when Billy Chessor acquired the northwest quarter of the northwest quarter, he knew Art Smith occupied it and said he would not purchase it unless Smith moved. Billy Chessor likewise used the 16.5-foot road (which was increased to a 50-foot easement) and indicated a preference for it. He built an all-weather road over the easement and road and traveled it for three successive years with all kinds of heavy equipment. From Billy Chessor's suggestion that the driveway be closed with a gate, the court could readily decide that the driveway was never intended to be permanent. Furthermore, Billy Chessor, James A. Seiber and others admitted using the driveway with Alice Lee's permission before and after the gate was up. The court could determine from this evidence that the use of the driveway was a license and was thus revocable at will.

■■ The second type of easement by implication of law, as we indicated above, is a way of necessity. Whenever a conveyance by severance creates a situation where one parcel of land has no access to a public highway except over the remaining lands of the grantor or the lands of strangers, an easement over the remaining lands of the

grantor is implied in the grant. (*Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 487-88, 458 N.E.2d 962, 970.)

 It is well established that one who claims an easement by implication by reason of necessity need not show absolute necessity in order to prevail; it is sufficient that such an easement be reasonable, highly convenient and beneficial to the dominant estate. (*People ex rel. Helgeson v. Hackler* (1961), 21 Ill. 2d 267, 271, 171 N.E.2d 599, 602; *Rinderer v. Keeven* (1980), 90 Ill. App. 3d 34, 48, 412 N.E.2d 1015, 1026.) The determination of the requirement that the use of an easement must be highly beneficial turns on the particular facts in each case. Where alternative means of access to property are available without resort to passage over the lands of another and the use of such alternative means does not cause an unreasonable burden, the courts should exercise due continence in implying and imposing a burden over the lands of another. (*Rinderer v. Keeven* (1980), 90 Ill. App. 3d 34, 48, 412 N.E.2d 1015, 1026.) In its order the trial court found that plaintiffs failed to prove that the easement alleged was necessary for the beneficial enjoyment of plaintiffs' property. We decline to disturb this finding. We note that the trial judge in the instant case was in a position to decide that the claimed easement was not highly convenient and beneficial to the land conveyed when compared to the ease of access to the Hollywood Heights Road through the use of the 16.5-foot road and the simultaneously granted 50-foot-wide easement. Our review of the record indicates that all grantees claiming under the defendant have had continuous access to the northwest quarter of the northwest quarter without resort to defendant's driveway as a means of access. Evidence was introduced by defendant showing plaintiffs' ownership of adjoining property and of the development of the 50-foot-wide easement granted to Billy Chessor.

As we indicated at the beginning of this opinion, much of the testimony concerning the easement alleged in the instant case is not helpful to the court on review because the attorneys for both parties failed to clearly tie any of the testimony of the various witnesses to the exhibits admitted into evidence. In fact the record reveals that the attorneys had some witnesses illustrate their testimony for the trial court by drawing on a chalkboard, which was not admitted into evidence and is not a part of the record on review. We find however that the trial judge viewed the chalkboard and the exhibits admitted, listened to testimony of the witnesses and was able to observe the demeanor of those witnesses and weigh their credibility. We decline to disturb the findings of the trial court as to proof of the conditions of the alleged implied easement inasmuch as we find that they are not

against the manifest weight of the evidence.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

KARNS, P.J., and LEWIS,* J., concur.