NOTICE

Decision filed 04/19/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200082-U

NO. 5-20-0082

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| ROBERT L. REIFSCHNEIDER and JAMES REIFSCHNEIDER, as Trustee of the James Reifschneider Trust Under Agreement Dated June 6, 2008, | ) ) ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 16-CH-265 |
| FLOYD A. SCHLUETER, CAROL A. SCHLUETER, and GOSHEN FARMS, LLC, | ) ) ) | Honorable |
| | ) | Julie K. Katz, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The judgment of the circuit court of St. Clair County is affirmed where the trial court's finding in favor of the defendants was not against the weight of the evidence.

¶ 2     This is a direct appeal from a final judgment of the St. Clair County circuit court. The plaintiffs, Robert Reifschneider and James Reifschneider as trustee for the James Reifschneider trust, and the defendants, Floyd and Carol Schlueter and Goshen Farms, are neighboring landowners. The plaintiffs filed a complaint seeking an easement over certain

1

properties owned by the defendants, injunctive relief preventing the defendants from obstructing the plaintiffs' access to said property, and quiet title to property acquired by the plaintiffs from Peoples National Bank pursuant to a foreclosure proceeding. As to the first two counts, the trial court entered judgment in favor of the defendants. For the reasons that follow, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     This appeal involves five adjacent landlocked parcels of land (parcels 1 through 5) located south of Mine Haul Road (aka Country Side Lane) and access to that road by the owner of the parcels. The plaintiffs own all five parcels, and the defendants own the road as tenants in common, each with a one-half interest.

¶ 5     Prior to March 13, 1968, Peabody Coal Company (Peabody) owned all five parcels of land and Mine Haul Road. On March 13, 1968, Peabody sold parcel 5 to the defendant Schlueter.[1] At the time of the sale Schlueter and Peabody agreed to a small easement over Mine Haul Road so that Schlueter could access parcel 5. He later also acquired ownership of parcels 1 through 4. During the period of time that Schlueter owned parcels 1 through 5, he and the defendant Goshen Farms acquired Mine Haul Road as tenants in common. At no time did Goshen Farms have an interest in the parcels owned by Schlueter.

¶ 6     On January 4, 2005, Schlueter executed a mortgage and security agreement to Peoples National Bank of McLeansboro on parcel 1. He later defaulted on the mortgage, and in 2010, parcel 1 was severed and sold in a foreclosure proceeding to the plaintiffs.

---

[1]Both Floyd and Carol Schlueter are named parties; however, for ease of reading, Schlueter will be used in the singular referring to Floyd Schlueter.

After the foreclosure, Schlueter subsequently sold parcels 2 through 5, and the plaintiffs thereafter acquired them. Currently, the plaintiffs own the five parcels, and the defendants each own a one-half interest in Mine Haul Road as tenants in common.

¶ 7    On April 11, 2016, the plaintiffs filed a three-count complaint against the defendants and on March 28, 2019, a first amended complaint. Counts I and II of the first amended complaint—the subject of this appeal—argued that the plaintiffs were entitled to an implied easement over land owned by the defendants and sought a declaratory judgment that the plaintiffs had an implied easement over and across Mine Haul Road for access to their respective parcels.

¶ 8    Following a bench trial, the trial court determined that parcels 1 through 5 had "an implied easement for access over and upon the 66-foot by 100-foot parcel," which, based on Schlueter's testimony, reflected the original agreement made with Peabody at the time of the 1968 sale of parcel 5. However, as to counts I and II of the plaintiffs' complaint, the court found that the plaintiffs failed to establish by clear and convincing evidence the necessary elements for an implied easement. Specifically, the easement sought in the complaint over and across Mine Haul Road did not exist at the time of the severance of common ownership, March 13, 1968, when parcel 5 was sold to Schlueter. Because the plaintiffs could not establish by clear and convincing evidence that the easement being sought arose at the time of the 1968 sale, the court did not address the other two elements. The court entered judgment in favor of the defendants on counts I and II. The plaintiffs appeal.

3

¶ 9                          II. ANALYSIS

¶ 10    On appeal, the plaintiffs argue that the trial court's ruling was against the manifest weight of the evidence where the foreclosure sale of parcel 1 severed the unity of ownership, and that because parcel 1 was landlocked at the time the plaintiffs acquired it, an easement by necessity arose. The crux of the plaintiffs' argument relies on a finding that the unity of ownership was severed in 2010 as a result of the foreclosure sale. The plaintiffs argue that because Schlueter owned all five parcels and a one-half interest in Mine Haul Road, the unity of common ownership existed until the foreclosure of parcel 1 severed that unity. The plaintiffs' substantive arguments begin under this assumption, which we find to be inaccurate.

¶ 11    An easement is an individual's right or privilege to either pass over or use the land of another. *Katsoyannis v. Findlay*, 2016 IL App (1st) 150036, ¶ 28. A grant of an easement is construed using the same rules applied to deeds and other written instruments or agreements. *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 101 (2004). An instrument creating an easement is construed in accordance with the intention of the parties, which is ascertained from the words of the instrument and the circumstances contemporaneous to the transaction, including the state of the matter conveyed and the objective to be obtained. *River's Edge Homeowners' Ass'n v. City of Naperville*, 353 Ill. App. 3d 874, 878 (2004). Courts tend to strictly construe easement agreements in order to permit the greatest possible use of the property by its owner. *Duresa*, 348 Ill. App. 3d at 101.

¶ 12 Easements arise in three ways—by grant, by implication, or by prescription. *Seiber v. Lee*, 158 Ill. App. 3d 361, 367-68 (1987). Easements by implication arise either by necessity or by a preexisting use. *Gacki v. Bartels*, 369 Ill. App. 3d 284, 289 (2006). The first arises when a grantor conveys a parcel of land which has no access to a public road except over the remaining land of the grantor or the property of others. *Seiber*, 158 Ill. App. 3d at 369. The second arises where a common grantor conveys land already subject to an easement. *Id.* The party seeking to establish the existence of an easement must prove the facts giving rise to the easement by clear and convincing evidence. *Gacki*, 369 Ill. App. 3d at 290. We will not set aside a trial court's findings as to the existence of an easement unless they are against the manifest weight of the evidence. *Martin v. See*, 232 Ill. App. 3d 968, 978 (1992).

¶ 13 At issue here is whether an implied easement existed, either by necessity or preexisting use. It is important to recognize that easements by implication arise as an inference of the intention of the parties to a conveyance of land. *Granite Properties Ltd. Partnership v. Manns*, 117 Ill. 2d 425, 437 (1987). This inference, which is drawn from the circumstances of the conveyance alone, represents an attempt to ascribe an intention to parties who failed to express their intentions at the time of conveyance. *Id.*; *Katsoyannis*, 2016 IL App (1st) 150036, ¶ 28. Courts may find certain facts suggestive of intent on the part of the parties of the conveyance in determining whether an easement was intended. *Manns*, 117 Ill. 2d at 438.

¶ 14                    A. Implied Easement by Necessity

¶ 15    An easement by necessity arises when a grantor conveys a portion of the grantor's land that is not accessible to a public road except over the grantor's remaining property or the property of others. *Seiber*, 158 Ill. App. 3d at 369. To prove the existence of an easement by necessity, plaintiffs must prove that (1) their property and that of defendants were previously owned by a common grantor, (2) title to the two properties was severed, and (3) plaintiff's property became landlocked as a result of the severance. *Gacki*, 369 Ill. App. 3d at 291.

¶ 16    "It is crucial to recognize that an implied easement is the product of the intention of the parties to the conveyance." *Id*. at 289. An easement by necessity arises because it is presumed that the grantor did not intend to convey land with no access to a public road. *Id*. at 290. Because the existence of the easement depends on the presumed intentions of the parties to the conveyance, the party seeking an easement by necessity must demonstrate that the parcel lacked access to a public road at the time title was severed and that it still lacks such access. *Id*. at 291-92. The party need not show absolute necessity. *Seiber*, 158 Ill. App. 3d at 371. However, where there is a reasonable alternative means of access, the court should not find that an easement by necessity exists. *Gacki*, 369 Ill. App. 3d at 290.

¶ 17    Here, the plaintiffs argue that unity of ownership existed at the time that Schlueter owned all five parcels and a one-half ownership interest in Mine Haul Road. It is their contention that when parcel 1 was foreclosed upon and a judicial deed for parcel 1 was recorded, the unity of ownership was severed. It is the plaintiffs' assertion that because parcel 1 was landlocked at the time that they acquired it, an easement by necessity arose.

6

¶ 18    The trial court disagreed with the plaintiffs' contention, as it found that the unity of ownership was severed on March 13, 1968.  The court iterated that prior to that date of sale, all of the land involved was owned by Peabody.  When Peabody sold parcel 5 to Schlueter, the unity was severed.  In order for Schlueter to have access to parcel 5, Peabody agreed to the small aforementioned 66-foot by 100-foot easement.  The record indicates that the easement was limited in size because the road was still being used by Peabody for hauling and traffic on the road would cause increased safety risks.  As Schlueter then acquired the adjacent parcels 1 through 4, each became subject to the original easement.  Unity of ownership was not reestablished at any point after the 1968 sale.  Though Schlueter at one point owned all five parcels and had a one-half interest in Mine Haul Road, because Goshen Farms also had an interest in Mine Haul Road but had no interest in the parcels, there was no unity of ownership.  Therefore, when parcel 1 was foreclosed upon and sold, any easement by necessity would have to date back to the 1968 sale.

¶ 19    The easement that resulted from the 1968 sale was defined by the parties as the small 66-foot by 100-foot access point.  When parcel 1 was purchased on May 16, 2013, it was not landlocked as it could be accessed via the easement previously established in 1968.  Therefore, we find that the trial court's finding that no easement by necessity existed as all parcels could be accessed as a result of the easement established in the 1968 sale was not against the manifest weight of the evidence.

¶ 20                         B. Implied Easement by Prior Use

¶ 21    Next, we consider whether an implied easement based on prior use existed.  Our supreme court has observed:

7

"The easement implied from a prior existing use, often characterized as a 'quasi-easement,' arises when an owner of an entire tract of land or of two or more adjoining parcels, after employing a part thereof so that one part of the tract or one parcel derives from another a benefit or advantage of an apparent, continuous, and permanent nature, conveys or transfers part of the property without mention being made of these incidental uses. In the absence of an expressed agreement to the contrary, the conveyance or transfer imparts a grant of property with all the benefits and burdens which existed at the time of the conveyance of the transfer, even though such grant is not reserved or specified in the deed." *Manns*, 117 Ill. 2d at 436.

¶ 22 Generally, three conditions must be present in order for a court to find an easement implied from a preexisting use: (1) common ownership of the claimed dominant and servient parcels and a subsequent conveyance separating that ownership; (2) before the conveyance, the common owner used part of the united parcel for the benefit of another part, and this use was apparent, obvious, continuous, and permanent; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel conveyed by the grantor. *Id*. at 437.

¶ 23 In the case of an easement implied from a preexisting use, proof of the prior use is evidence that the parties likely intended an easement, on the presumption that the grantor and the grantee would have intended to continue an important or necessary use of the land known to them that was apparently continuous and permanent in nature. *Id*. at 438.

¶ 24 Having previously determined that the applicable date for the severance of common ownership is March 13, 1968, we must look at the use at that time in order to determine whether an implied easement from prior use existed at the time of the sale. According to Schlueter's testimony, when he made the agreement with Peabody, the easement was limited because traffic on the road created a safety hazard as the road was still being used for hauling at that time. There had already been an accident on the road that resulted in a

death, and so Peabody was interested in avoiding any further accidents or injuries.  No other easement was granted by Peabody.  We found no other indication in the record that the road was being used in the manner described by the plaintiffs at the time of the 1968 sale.  Therefore, the trial court's finding that no easement by implication from prior use arose at the time of the 1968 sale was not against the manifest weight of the evidence.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the order of the circuit court of St. Clair County as its findings in favor of defendants were not against the manifest weight of the evidence.


¶ 27    Affirmed.