## Parris' Adm'r v. John W. Manning & Sons et al.

Oct. 29, 1940.

Thomas A. Ballantine, Special Judge.

226

John Irick and Joseph S. Lawton for appellant.

C. Maxwell Brown, J. Miles Pound and H. M. Peckinpaugh for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal involves liability of the estate of Mrs. Rebecca Parris, deceased, on a note for $1,000, executed to her husband, James M. Parris. It is incident to the settlement of her estate. The ultimate issues were and now are whether the note was given for a consideration or whether the husband should be denied judgment because of the stigma of seeking equity with unclean hands. Other defenses are not presented on the appeal.

When the parties were married in 1926, the deceased had been a widow for about thirteen years and had two married daughters. Her age is not disclosed, but Parris was then seventy years old. They took up their residence in her home at Fern Creek, Jefferson County, and lived there for two or three years. That property was disposed of and a house was bought in Louisville. Mrs. Parris had purchased other property in the city in 1927. The couple moved into one of those houses and lived there until her death, intestate, in 1937. The note involved was executed on November 20, 1928. He testified that his wife owed the bank at Fern Creek and suggested that she would pay him six per cent. on some money which he had, since the bank was paying only four per cent. on the time deposit. Accordingly, she executed the note and the money went to her credit and was used to pay off her note to the bank. The cashier testified from memory that Mrs. Parris had bought some property in Louisville and that the proceeds of the note which he had filled out for the couple went to her credit. He could not be positive but thought Mrs. Parris was indebted to the bank. On the whole, the banker substantially sustained Parris' testimony.

As the note imported a consideration, the burden was upon those alleging it to establish the absence of consideration. Cobb v. Farmers & Merchants Bank, 267 Ky. 744, 103 S. W. (2d) 264. The only evidence tending to do so is that of one of Mrs. Parris' daughters that a good many years after its execution, when she was nursing her mother then confined to her bed, she told her daughter that she had given her husband a note for $1,000 and was sorry of it; that had she refused he would have done her bodily harm; and that he was always wanting money. This was about the time a suit was filed to recover on the note, as presently described. She further testified that her mother had had to support herself and husband, as the latter had nothing. Parris' employment was negligible but he testified he had some money and bought what his wife wanted. It is contended that the note must be considered as if given in payment to the wife for money spent by her in their joint maintenance; and a counter-claim was asserted on some sort of implied contract but was denied by the court. We need not discuss the law of marital obligation of a husband or the raising of an implied contract to reimburse the wife since the evidence does not support the proposition. The testimony of the daughter was but hearsay or a conclusion, while that of the husband was direct. We think it obvious that the plea of want of consideration for the note was not sustained by the proof. It is to be observed that while the parties objected to the testimony of the husband and the daughter, respectively, because of incompetency (Section 606, Civil Code of Practice), neither of them filed written exceptions as required by Sections 586, 587 of the Code, and thereby waived the incompetency of the witnesses and their testimony. Shaver v. Weddington, 247 Ky. 248, 56 S. W. (2d) 980.

About six months before Mrs. Parris died, Elizabeth Schnur filed a common law action against her and her husband to recover judgment on the note involved here, less a credit of $70, alleging that he had assigned and transferred the same to the plaintiff. It appears that an answer was filed for Mrs. Parris, but her husband made no defense. However, judgment was not rendered in that case. In this suit to settle Mrs. Parris' estate, Mrs. Schnur filed an answer setting up the note and its negotiation to her for value and prayed judgment therefor. Parris filed a cross-petition against her alleging sub-

stantially that he had assigned the note to the plaintiff as a trustee and that he was the holder and owner of the equitable title and entitled to recover on it from the estate. For awhile these two parties eyed one another belligerently and engaged in some shadow boxing. However, when the proof was taken the real facts, or as is sometimes colloquially, though pleonastically, stated, the "true facts" were disclosed. They are that the old gentleman was advised by an attorney that he could not sue his wife and had suggested the arrangement whereby the note was transferred to Mrs. Schnur, to whom he was indebted in the sum of $70 for nursing his wife, and that she should bring the suit and when judgment was collected make a proper adjustment. Mr. Parris was then about eighty-two years old and at the time was confined to bed with neuritis. He had relied on the advice of his attorney that that was the only way he could handle the situation. During the course of this case, Parris gave his individual note to Mrs. Schnur for what he owed her and she had re-assigned the note to him and by a pleading surrendered all claim to it. This is the basis for the contention that the appellee did not come into the court of equity with clean hands and should, therefore, be denied the relief sought. It is doubtful that the maxim can be invoked in such a situation as this, for the litigant was not seeking relief accorded by equity but the enforcement of a common law right in a proceeding pending in a chancery court, the reason therefor being his inability to proceed in a court of law because of a specific injunction. 19 Am. Jur., "Equity," Section 470, citing Manufacturers' Finance Company v. McKey, 294 U. S. 442, 55 S. Ct. 444, 79 L. Ed. 982. But we will waive the question.

We are not concerned with the fact that Mrs. Schnur made the claim and verified her rather indefinite and artfully drawn answer in this case. There was very little, if anything, in Parris' original pleading that was inconsistent with the real situation. The abortive arrangement to secure a judgment against his wife was apparently entered into in good faith and was in reliance upon the advice of his attorney. The old gentleman's hands were never very dirty, and he had washed them clean before the trial ended. Though the operation of the maxim is broad, there is a reasonable limitation, and the principle is not applicable to all miscon-

duct or to every act smacking of inequity or deceit in relation to the matter in which relief is sought. American Association, Limited, v. Innis, 109 Ky. 595, 60 S. W. 388, 22 Ky. Law Rep. 1196. Though there had been some attempt to deceive, a full and free disclosure was made. The doctrine does not repel all sinners from a court of equity, especially where there was no injurious consequence. We agree with the chancellor that under the circumstances it would not be equitable or just to penalize the husband and enrich the wife's estate by denying him that to which he would otherwise be clearly entitled.

The judgment is affirmed.