CHARLES F. CANALI, Plaintiff-Appellant, v. DANIEL A. SATRE *et al.*, Defendants-Appellees (Hamilton Financial Corporation *et al.*, Defendants).

Second District    No. 2—97—0205

Opinion filed December 17, 1997.—Rehearing denied January 15, 1998.

John D. Lien, of Foley & Lardner, of Chicago, for appellant.

R. Terence Kalina and John R. Zemenak, both of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Charles F. Canali, appeals the decision of the circuit court of Du Page County granting defendants Daniel A. Satre and Gwendolyn J. Satre summary judgment. We reverse.

Plaintiff filed a complaint asserting that he had acquired an "easement of necessity by implication" to a driveway located on defendants' adjacent property. Defendants counterclaimed to quiet title. Thereafter, both parties filed motions for summary judgment. Plaintiff argues, as he argued below, that he acquired an implied easement because his parcel and defendants' parcel were commonly owned and the parcels were then severed, leaving plaintiff's parcel landlocked. Defendants argue that plaintiff fails to satisfy all of the requirements for finding an implied easement and that the statute of limitations barred plaintiff from bringing this action.

A diagram of the relative location of the subject properties and the claimed easement is set forth in the appendix. As indicated, the parcels that are the subject of this appeal are adjoining tracts located to the north of Plank Road in Du Page County. Defendants now own parcel D, the darkened portion of the diagram, including the long narrow strip from their property to Plank Road. Plaintiff now owns parcel E. Previously, William and Ida Schultz owned all of the subject properties shown on the diagram. Between 1931 and 1936, three parcels were conveyed to separate purchasers: parcel A in 1931, parcel B in 1932, and parcel C in July 1936. On December 9, 1936, William Schultz conveyed parcel D, retaining parcel E for himself until it was sold in 1941. The parties agree that parcel E was landlocked at the time Schultz conveyed parcel D.

The trial court granted defendants' motion for summary judgment and counterclaim to quiet title, finding that at the time of the severance of the two properties in 1936 there was no evidence or claim that the driveway was the sole method of ingress and egress. The court believed plaintiff bought the parcel as is from the bankruptcy court and must take it as he found it, with or without access, and held that there had been no proof that this was a property subject to an easement by necessity.

■ On appeal, plaintiff contends that the trial court erred in granting summary judgment to defendants. Since the parties filed cross-motions for summary judgment, only a question of law is involved and the court decides the issue based on the record. *Aryainejad v. Economy Fire & Casualty Co.*, 278 Ill. App. 3d 1049, 1051 (1996).

On appeal from the entry of summary judgment, we review the matter *de novo. Aryainejad,* 278 Ill. App. 3d at 1051.

■ There are two types of implied easements, an easement implied from a preexisting use and an easement by necessity. In either case, easements created by implication arise as an inference of the intention of the parties to a conveyance of land. The courts attempt to ascribe an intention to parties who, for some reason, failed to set forth their intention at the time of conveyance. *Granite Properties Ltd. Partnership v. Manns,* 117 Ill. 2d 425, 437 (1987). To fill the gaps resulting from the parties' failure to set forth their intention, courts look to particular facts suggestive of that intent. *Granite,* 117 Ill. 2d at 438.

■ An easement implied from a prior existing use arises by law when one portion of an estate derives a benefit and advantage from another, of a permanent, open, and visible character; when that portion is severed, the grantee takes that portion with all the benefits and burdens that appear to belong to it. *Granite,* 117 Ill. 2d at 436. Absent an express agreement to the contrary, the conveyance or transfer imparts a grant of the right to continue such use. *Deem v. Cheeseman,* 113 Ill. App. 3d 876, 882 (1983). To establish an easement by prior use (1) there must be common ownership of the land followed by a separation of title; (2) before the separation occurs, the use giving rise to the easement must have been long continued, obvious, or manifest, to a degree that shows permanency; and (3) the use of the claimed easement must be necessary to the beneficial enjoyment of the land granted or retained. *Granite,* 117 Ill. 2d at 437.

■ An easement by necessity usually arises when a grantor conveys an inner portion of land that has no access to a public highway except over the remaining lands of either the grantor or the grantor plus strangers. In such a situation, an easement over the remaining lands of the grantor is implied in the grant. *Granite,* 117 Ill. 2d at 435-36; *Martin v. See,* 232 Ill. App. 3d 968, 978 (1992). Similarly, an easement by necessity is implied when the grantor retains the inner portion, conveying the balance to another. *Granite,* 117 Ill. 2d at 436.

Defendants contend that there is no implied easement by necessity because plaintiff failed to prove two of the three required elements. Defendants argue that plaintiff failed to show that, before the conveyance or transfer, the common owner's use of the parcel was apparent, obvious, continuous, and permanent and that plaintiff failed to prove that the claimed easement is necessary and beneficial to the enjoyment of the parcel. *Granite,* 117 Ill. 2d at 437. Defendants, however, confuse the requirements for easements created by necessity with those created by prior use.

■ Where an easement arises from a preexisting use, proof of the prior use is evidence that the parties probably intended an easement. The theory is that the parties would have intended to continue a known, apparent, continuous, and permanent use of the land. *Granite*, 117 Ill. 2d at 438. On the other hand, an easement by necessity requires no proof of a known existing use from which to infer the parties' intent, but only requires proof of necessity. In such a case, it is presumed that the parties did not intend to render the land unfit for occupancy. *Granite*, 117 Ill. 2d at 438. Because questions regarding easements of necessity do not rest on a preexisting use, but on the need for a way across the granted or reserved premises, we agree with plaintiff that the question of a preexisting use is irrelevant. See 25 Am. Jur. 2d *Easements and Licenses* § 39 (1996).

■ Further, contrary to defendants' argument, the supreme court recognized that, while "necessity" applies to both types of implied easements, "the necessity requirement will have a different meaning and significance in the case involving proof of prior use than it will in a case in which necessity alone supports the implication." *Granite*, 117 Ill. 2d at 440. The court held that when circumstances such as an apparent prior use of land support the inference of the parties' intention, the required extent of the claimed easement's necessity will be less than when necessity is the only circumstance from which the inference of intention will be drawn. *Granite*, 117 Ill. 2d at 440.

■ Applying the above principles, we find an easement by necessity can be drawn from the circumstances of this case. The record shows that Schultz conveyed that portion of his land abutting Plank Road to strangers, retaining lots D and E. The only means of ingress and egress to Plank Road was through that portion of lot D leading to Plank Road. Thereafter, Schultz conveyed lot D, retaining lot E, thereby landlocking lot E at the time of severance. This proof permits the presumption that the parties intended an easement to be created at the time of severance. See *Evanik v. Janus*, 120 Ill. App. 3d 475, 492 (1983). Moreover, where such a situation exists, the easement need not be for continuous use but may lay dormant through successive grantees to be used at any time by a subsequent titleholder. *Martin*, 232 Ill. App. 3d at 978.

The court will not create an implied easement, however, if there are other reasonable alternatives allowing access. *Martin*, 232 Ill. App. 3d at 978. Here, the configuration of plaintiff's and defendants' parcels and the narrow strip leading to the roadway, logically, as well as logistically, creates a reasonable means of ingress and egress for both properties. There is no proof that allowing plaintiff to use the driveway would adversely impact defendants. Nor is there evidence that defendants' property would be impaired or reduced.

Defendants argue that their driveway is less than 20 feet wide and would not meet present Du Page County width requirements for access. We fail to see the relevance of this argument. Our determination is not contingent upon compliance with county requirements. That issue remains plaintiff's responsibility. We find therefore that the trial court erred in granting summary judgment to defendants.

■ Defendants contend that the statute of limitations regarding claims to real estate (735 ILCS 5/13—118 (West 1996)) bars plaintiff's claim to an easement. We fail to see how the statute applies to a case such as this, where plaintiff claims an implied easement by necessity. While the time of severance is important to establish the presumption that the grantee and grantor did not intend to render the land unfit for occupancy, the interest in the easement did not arise until its use became necessary. See *Finn v. Williams*, 376 Ill. 95, 99 (1941) (the easement by necessity may lie dormant through several transfers of title, yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time by the titleholder). To find otherwise would frustrate the purpose of an easement by necessity, which is to put land to its highest and best use. See *Davis v. Havana Mineral Wells, Inc.*, 48 Ill. App. 3d 996, 1001 (1977). Further, we must exercise great care not to construe a statute in a way that is contrary to its intent and that works a hardship. *Davis*, 48 Ill. App. 3d at 1001.

Accordingly, we reverse the order granting summary judgment and the counterclaim to quiet title to defendants and enter summary judgment for plaintiff.

Reversed.

McLAREN and DOYLE, JJ., concur.

# APPENDIX

443.5

272.

221.5

528

5.6

353.1

(D)

(E)

254.2

73.5

134.42

157.4

152.1

246.7

(C)

(B)

(A)

967.2

126.79

151.79

152.1

152.1

PLANK ROAD

N

W —|— E

S

EXHIBIT 7

DUPAGE COUNTY

C-000190