No. 2--05--1261          filed: 12/7/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CONRAD GACKI, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 01--CH--1647 |
| | ) | |
| RAYMOND E. BARTELS and | ) | |
| LORI A. BARTELS, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The plaintiff, Conrad Gacki, appeals from the November 22, 2005, order of the circuit court of Du Page County denying his motion for summary judgment and granting summary judgment to the defendants, Raymond and Lori Bartels. The plaintiff's second amended complaint requested an easement by necessity over the defendants' property. The parties filed cross-motions for summary judgment. The trial court determined that the plaintiff was not entitled to an easement by necessity over the defendants' property and thereby granted the defendants' motion for summary judgment. On appeal, the plaintiff argues that the trial court erred in granting the defendants' motion for summary judgment and denying his motion for summary judgment. We affirm in part, reverse in part, and remand for additional proceedings.

On October 7, 1999, the plaintiff acquired, by tax deed, ownership of real property located in the Village of Lombard. The property purchased by the plaintiff was allegedly landlocked. Consequently, on May 13, 2002, the plaintiff filed an amended two-count complaint against the defendants, seeking (1) a declaratory judgment on the existence of an implied easement by necessity over the defendants' property, and (2) an injunction requiring the removal of the defendants' house because it obstructed the plaintiff's access to his property. On October 18, 2002, the defendants filed an amended answer, raising two affirmative defenses. Specifically, the defendants argued that the plaintiff's claim was barred by the statute of limitations and that the plaintiff's purported easement was extinguished by adverse possession.

On May 9, 2003, the plaintiff filed a motion for summary judgment, arguing that public records demonstrated a previous common ownership of the plaintiff's and the defendants' properties. The plaintiff argued that when their properties were severed, the plaintiff's parcel became landlocked. Additionally, the plaintiff argued that his property was presently landlocked with no means of access except through an easement by necessity over the defendants' property. In his motion, the plaintiff argued that as a matter of law, these circumstances created an implied easement by necessity over the defendants' property. On June 27, 2003, the defendants also filed a motion for summary judgment. In their motion, the defendants argued that the plaintiff's claims were barred by (1) the 40-year statute of limitations on claims to real estate (735 ILCS 5/13--118 (West 2002)); and (2) the doctrine of adverse possession.

The record reveals that in 1955, the northern half of the defendants' lot was owned by Eugene Hensler. The plaintiff's lot and the southern half of the defendants' lot were owned by Ralph and Lillian Whitsel. On September 25, 1956, Hensler acquired common ownership of the

plaintiff's and the defendants' lots by warranty deed from the Whitsels. On November 26, 1956, Hensler transferred ownership of the northeast portion of his land, retaining the south 60 feet, to Pasquale and Loretta Saviano by warranty deed. Subsequently, on July 25, 1957, Hensler transferred ownership of the northwest portion of his property, retaining the south 60 feet, to Willard and Dorothy Lane. The transfer to the Lanes resulted in the creation of the allegedly landlocked parcel now owned by the plaintiff. The defendants acquired ownership of their property by warranty deed from the Lanes on September 12, 1997.

Additionally, the record reveals that the Village of Lombard issued Hensler a permit to build a residence on the property that was sold to the Lanes, approximately nine months prior to that sale. The Village of Lombard also issued permits to install a garage on the Lanes' property in 1965 and a driveway in 1970.

On July 30, 2003, the trial court conducted a hearing on the parties' motions for summary judgment. Following the hearing, the trial court denied the plaintiff's motion for summary judgment and granted the defendants' motion for summary judgment. In granting the defendants' motion, the trial court found that the purported easement, regardless of its location, "would create more of a hardship to the homeowners than it would be [a] benefit to the plaintiff." Thereafter, the plaintiff appealed to this court.

In Gacki v. Bartels, No. 2--03--0888 (2004) (unpublished order under Supreme Court Rule 23), this court determined that the 40-year statute of limitations on claims to real estate (735 ILCS 5/13--118 (West 2002)) did not apply to implied easements by necessity. Additionally, this court determined that the defendants had adversely possessed any implied easement that was located through the defendants' home. In so ruling, we noted that section 22--70 of the Property

Tax Code (35 ILCS 200/22--70 (West 2002)) refuted the plaintiff's contention that his tax deed extinguished the defendants' claim of adverse possession. That section states in part:

"When the property described in a tax deed issued under this Code is a dominant or a servient tenement with respect to any private easement or easements, created in good faith expressly or by operation of law for the benefit of a dominant tenement or tenements, with respect to the easement or easements the tax deed shall have the same effect as a deed of conveyance made by the owner of the property to the tax deed grantee, just prior to the issuance of the deed." 35 ILCS 200/22--70 (West 2002).

Based on section 22--70, relative to any easements, the tax deed had the same effect as a deed of conveyance directly from the previous owner to the plaintiff.

However, this court also determined that there was a genuine issue of material fact as to whether an implied easement by necessity existed anywhere else on the defendants' property, other than through their home, because the record did not provide a layout of the defendants' property showing the location of any existing structures or driveways. Accordingly, we reversed that portion of the trial court's order granting summary judgment to the defendants. Additionally, we affirmed the trial court's order denying the plaintiff's motion for summary judgment, because the plaintiff had failed to demonstrate that there were no other reasonable alternatives allowing access to his allegedly landlocked property. Accordingly, we remanded the cause for additional proceedings.

On remand, the plaintiff was granted leave to file an amended complaint. In his second amended complaint, the plaintiff requested a declaratory judgment declaring (1) that he is entitled to an easement by necessity across the defendants' property; (2) that the easement be no less than

9.31 feet in width; (3) the location of the plaintiff's easement; and (4) that he is entitled to improve said easement with a concrete, asphalt, or gravel surface, and with electrical, gas, water, and sewer utilities. The plaintiff attached to his second amended complaint a plat of survey showing his parcel and the defendants' parcel. The plat showed the location of the defendants' house, driveway, and garage. Additionally, the plaintiff cross-hatched the portions of the defendants' parcel where he believed an easement could be located.

Based on his second amended complaint, the plaintiff filed another motion for summary judgment. In his motion, the plaintiff argued that his parcel and the defendants' parcel were created by division by a previous common grantor and that his parcel is currently landlocked with no access to a public highway or right of way. Accordingly, the plaintiff argued, because of the landlocked nature of his parcel, there is no reasonable access to a public highway other than over the defendants' parcel in some part of the cross-hatched area on the plat of survey that he attached to his amended complaint. As such, he argued that he is entitled to an easement by necessity over the defendants' property.

The defendants also filed a motion for summary judgment, arguing that the plaintiff's claim should be denied because any easement would adversely affect their property and substantially impair and reduce it. The defendants argued that an easement could not be located along the western edge of their property because there is only 9.31 feet between the base of their house foundation and the lot line. The defendants argued that the Village of Lombard requires that a driveway be a minimum of 12 feet in width. Additionally, an easement on the western side of the property would cause the following problems: (1) their house has a two-foot overhang, which emergency vehicles would not be able to clear; (2) landscaping would be destroyed; (3)

the easement would run up against bedroom windows; and (4) a window well would be covered. The defendants further argued that an easement located on the east side of their house would require the plaintiff to drive up their driveway, between their house and garage, and through the middle of their backyard over a patio and through a large shade tree.

On November 22, 2005, following a hearing, the trial court granted the defendants' motion for summary judgment. In so ruling, the trial court stated that the plaintiff's claim for an easement by necessity was defeated by the fact that an easement would substantially reduce the value of the defendants' property. The trial court explained that based on the photographs that were presented, there was no way to establish an easement without moving a telephone pole, tearing down the defendants' garage, or having the easement wend its way through a substantial portion of the defendants' property. Thereafter, the plaintiff filed a timely notice of appeal.

On appeal, the plaintiff argues that the trial court's order granting the defendants' motion for summary judgment and denying his motion for summary judgment should be reversed. The plaintiff argues that it was improper for the trial court to deny his claim for an easement by necessity on the basis that the value of the defendants' property would be substantially reduced. Summary judgment is proper when the pleadings, depositions, and other matters of record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2--1005(c) (West 2002); Emanuel v. Hernandez, 313 Ill. App. 3d 192, 195-96 (2000). On appeal from the entry of summary judgment, we review the matter de novo. Emanuel, 313 Ill. App. 3d at 196.

There are two types of implied easements--the easement by necessity and the easement implied from a preexisting use. Granite Properties Limited Partnership v. Manns, 117 Ill. 2d

425, 435 (1987). It is crucial to recognize that an implied easement is the product of the intention of the parties to the conveyance. Emanuel, 313 Ill. App. 3d at 196. The easement is "implied" in that courts attempt to ascribe an intention to the parties who themselves did not put any such intention into words at the time of conveyance. Emanuel, 313 Ill. App. 3d at 196. Because the intention of the parties to the conveyance that severs title is the crucial consideration, whether an easement exists depends wholly on the circumstances at the time of the severance of title. Emanuel, 313 Ill. App. 3d at 196. It is the burden of the party claiming an easement to show the facts necessary to create an easement by implication. Rexroat v. Thorell, 89 Ill. 2d 221, 229 (1982). Furthermore, the party claiming the easement must meet this burden of proof by clear and convincing evidence. Evanik v. Janus, 120 Ill. App. 3d 475, 489 (1983).

Where an implied easement by necessity is claimed, proof of necessity alone furnishes the probable inference of intention, on the presumption that the grantor and the grantee did not intend to render the land unfit for occupancy. Manns, 117 Ill. 2d at 438. The easement by necessity usually arises when an owner of land conveys to another an inner portion thereof, which is entirely surrounded by lands owned by either the grantor or the grantor plus strangers. Manns, 117 Ill. 2d at 435-36. Unless a contrary intent is manifested, the grantee is found to have a right-of-way across the retained land of the grantor for ingress to, and egress from, the landlocked parcel. Manns, 117 Ill. 2d at 436. Similarly, an easement is implied by necessity when the owner of lands retains the inner portion, conveying to another the balance. Manns, 117 Ill. 2d at 436.

To establish an easement by implication, three conditions must exist: (1) ownership of the dominant and servient estates by a common grantor, followed by separation of title; (2) use of the

easement, before separation, in an apparent, obvious, continuous, and manifestly permanent manner; and (3) necessity of the easement to the beneficial enjoyment of the dominant estate. Deem v. Cheeseman, 113 Ill. App. 3d 876, 882 (1983). Proof of prior use is not required when the land presently could not be used absent the easement or without disproportionate effort and expense. Deem, 113 Ill. App. 3d at 883. Furthermore, where available alternatives exist that afford reasonable means of ingress and egress, easements by implication should not be granted. Deem, 113 Ill. App. 3d at 883. All doubts as to the existence of an easement by necessity are resolved in favor of the conveyee and against the conveyor, who has the power to protect his interest by a reservation of access in the instrument of conveyance. Shive v. Schaefer, 137 Ill. App. 3d 13, 16 (1985). "[T]he right to a way by necessity may lay dormant through several transfers of title and yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time by the holder of the title thereto." Finn v. Williams, 376 Ill. 95, 99 (1941).

In Gacki, No. 2--03--0888, we had explained that there was "no legal foundation for the trial court's implication that the creation of an implied easement by necessity involves a balancing of hardships." However, we later stated, citing Canali v. Satre, 293 Ill. App. 3d 407, 411 (1997), that "an easement by necessity may not be granted if it adversely affects the defendants' property or if the defendants' property would be impaired." The trial court relied on this statement in granting the defendants' motion for summary judgment when it stated:

"I think I can make a finding that the affect [sic] on the value of the property by granting this easement for access would be substantial, and that would defeat the claim of the plaintiff for an easement by necessity."

In <u>Canali</u>, the reviewing court determined that the plaintiff had met the requirements for an easement by necessity. <u>Canali</u>, 293 Ill. App. 3d at 411. The <u>Canali</u> court went on to state:

"The court will not create an implied easement, however, if there are other reasonable alternatives allowing access. [Citation.] Here, the configuration of plaintiff's and defendants' parcels and the narrow strip leading to the roadway, logically, as well as logistically, creates a reasonable means of ingress and egress for both properties. There is no proof that allowing plaintiff to use the driveway would adversely impact the defendants. Nor is there evidence that defendants' property would be impaired or reduced." <u>Canali</u>, 293 Ill. App. 3d at 411.

Upon further review of the <u>Canali</u> decision, and in consideration of the case law governing easements by necessity, we find no support for the <u>Canali</u> court's implication that an easement by necessity must be denied if it impairs or reduces the servient estate. As such, our citation to <u>Canali</u> for this proposition in <u>Gacki</u>, No. 2--03--0888, was misplaced. Accordingly, we reverse the trial court's order granting summary judgment to the defendants. See <u>Bond Drug Co. v. Amoco Oil Co.</u>, 323 Ill. App. 3d 190, 198 (2001) (the law of the case doctrine is not a limitation on our power to revisit an issue under circumstances in which our initial decision was in error).

Nonetheless, we affirm that portion of the trial court's order denying the plaintiff's motion for summary judgment. The burden is on the plaintiff to show the facts necessary to create an easement by necessity. <u>Rexroat</u>, 89 Ill. 2d at 229. In order to claim an easement by necessity, the plaintiff must present evidence that his property and the defendants' property were owned by a common grantor, that the properties were severed, and that at the time of severance his parcel became landlocked. <u>Deem</u>, 113 Ill. App. 3d at 882. The plaintiff must also present evidence that

his parcel of property is still landlocked. Deem, 113 Ill. App. 3d at 885-86. Accordingly, the plaintiff must demonstrate that the easement was necessary at the time of severance and that the easement is presently necessary. Deem, 113 Ill. App. 3d at 884. Additionally, the plaintiff must show that there were and are no alternative means of access to his property. Deem, 113 Ill. App. 3d at 883. In his motion for summary judgment, the plaintiff claimed only that his parcel and the defendants' parcel were created by division by a previous common grantor and that his parcel is currently landlocked with no access to a public highway or right of way. The plaintiff does not point to any evidence showing that his parcel became landlocked at the time of severance or that an easement was necessary to the common grantor, Hensler, at the time of severance in 1957. For example, the plaintiff does not offer any evidence, such as a map of the parcels in 1957, to show that another public way was not available to his parcel at that time, or any evidence showing that Hensler did not own any properties adjoining the plaintiff's parcel that would provide access to a public way. Accordingly, the plaintiff is not entitled to summary judgment. On remand, the trial court must determine whether the plaintiff has provided sufficient evidence to establish all the elements for an easement by necessity.

In so ruling, we note that an easement may be extinguished by adverse possession (see Deem, 113 Ill. App. 3d at 883), abandonment (see Miller v. Schmitz, 80 Ill. App. 3d 911, 915 (1980)), merger (see Ellis v. McClung, 291 Ill. App. 3d 448, 459-60 (1997)), or release (see Beloit Foundry Co. v. Ryan, 28 Ill. 2d 379, 390-91 (1963)). To establish title by adverse possession as provided by section 13--101 of the Limitations Act (735 ILCS 5/13--101 (West 2002)), the asserted adverse possessor must possess the disputed land for 20 years. 735 ILCS 5/13--101 (West 2002); Dwyer v. Love, 346 Ill. App. 3d 734, 739 (2004). Furthermore, the 20

years of possession must have been: (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under claim of title inconsistent with that of the true owner. Dwyer, 346 Ill. App. 3d at 739. With respect to abandonment, the rule is that mere nonuse will not constitute an abandonment of an easement. Egidi v. Town of Libertyville, 251 Ill. App. 3d 224, 232 (1993). Rather, the abandonment of an easement requires, in addition to nonuse, circumstances showing an intention of the dominant owner to relinquish his right. Egidi, 251 Ill. App. 3d at 236. The intention to permanently abandon requires proof, and the determination of whether there has been an abandonment is within the discretion of the trial court. Egidi, 251 Ill. App. 3d at 236.

In addition, an action to enforce an easement may be barred by the doctrine of laches. See Erday's Clothiers, Inc. v. Spentzos, 228 Ill. App. 3d 540, 547 (1992). Laches is an equitable doctrine that bars an action if, because of the plaintiff's unreasonable delay in bringing suit, the defendant is misled or prejudiced or takes a course of action that he or she would not have otherwise taken. Erday's Clothiers, 228 Ill. App. 3d at 547. Mere delay in bringing suit is not enough to establish laches; the defendant must show prejudice or hardship from the delay, i.e., the delay induced him to change his position adversely. Erday's Clothiers, 228 Ill. App. 3d at 547. A trial court's application of the doctrine of laches will not be reversed unless the trial court abused its discretion. Erday's Clothiers, 228 Ill. App. 3d at 547-48.

Finally, we note that, in Illinois, grants of implied easements by necessity, for ingress to and egress from landlocked parcels, have generally been created over existing roadways or driveways. See Canali, 293 Ill. App. 3d at 412 (implied easement by necessity granted over existing driveway); Martin v. See, 232 Ill. App. 3d 968, 980 (1992) (same). Once an easement

by necessity is established, there is no Illinois case law addressing the actual creation of the easement in terms of its location, width, and scope of use. However, where an easement by deed is undefined as to location and width, these details can be ascertained and fixed by the court. Seymour v. Harris Trust & Savings Bank of Chicago, 264 Ill. App. 3d 583, 601 (1994); Joseph Giddan & Sons v. Northbrook Trust & Savings Bank, 151 Ill. App. 3d 537, 541 (1986); Vallas v. Johnson, 72 Ill. App. 3d 281, 282 (1979). We see no reason why the same principle would not apply to implied easements.

Moreover, when an easement is "implied," courts must attempt to ascribe an intention to the parties who themselves did not put any such intention into words at the time of the conveyance. See Emanuel, 313 Ill. App. 3d at 196. As such, in determining the location, width, and scope of an easement, a court must rely upon the implication at the time of severance. See Emanuel, 313 Ill. App. 3d at 196. Until recently, access for foot and vehicular traffic tended to be the only rights regarded as necessary for the enjoyment of surface possessory estates. Restatement (Third) of Property (Servitudes) §2.15 (2000). In recent years, implied easements by necessity have been recognized for purposes such as access for utilities and other services. Restatement (Third) of Property (Servitudes) §2.15 (2000). Accordingly, in the present case, if the plaintiff is able to prove his claim for an easement by necessity, the trial court must determine if the implied easement includes one or all of the following uses: foot access, vehicular access, and access for utilities and other services. For example, because the distance from Maple Street through the defendants' property to the plaintiff's property is only about 50 yards, a walking path may be the only type of easement that was implied at the time of severance.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for additional proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

O'MALLEY and KAPALA, JJ., concur.

_____