**James L. CARROLL and Deborah F. Carroll, Appellants,**

v.

**John S. CARROLL and Lois W. Carroll, Appellees.**

**No. 2010–CA–000824–MR.**

Court of Appeals of Kentucky.

Nov. 4, 2011.

464

Matthew J. Baker, Bowling Green, KY, for appellant.

Barton D. Darrell, Tad T. Pardue, Richard W. Hartsock, Bowling Green, KY, for appellee.

Before DIXON, MOORE and THOMPSON, Judges.

*OPINION*

MOORE, Judge:

James and Deborah Carroll (James) appeal the order of the Warren Circuit Court denying their motion for summary judgment and granting John and Lois Carroll's (John) motion for partial summary judgment. After a careful review of the record, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arose from a dispute over John's use of a driveway that crosses over James' property and serves as a means of access to the nearest roadway. By way of background, James initially purchased 6.03 acres of the subject property in 1976. However, on April 15, 1978, James reconveyed the property to the original grantors. That same day, the original grantors sold John 10.37 acres, which contained the 6.03 acres previously owned by James. On November 28, 1979, John reconveyed the same 6.03 acres to James, on which James constructed a home. John also constructed a home on his remaining portion of the property in 1979, and has been using the driveway in question to access the roadway since that time. The record is unclear as to the facts which led to the culmination of this action. However, in January 2008, John filed this action requesting that the court declare that he possessed an easement appurtenant over James' property. Other facts will be discussed as they become relevant.

John filed a motion for partial summary judgment, arguing that he had an easement by necessity over the driveway because he would otherwise have no means of ingress and egress to his property and

would be landlocked. James filed a response and cross-motion for summary judgment, arguing that John's action was barred by a five-year statute of limitations under KRS[1] 413.120(7); the parties had previously entered into a mediation agreement whereby all claims regarding the easement were released; John was prohibited from seeking equitable relief under the doctrine of unclean hands because John should have known that he conveyed away all of his road frontage and the transfer was allegedly made in order to avoid restrictions set forth by the planning and zoning commission; John failed to prove that the roadway was strictly necessary to access the highway; and if the court found that any easement existed, it should be classified as an easement in gross.[2]

The trial court granted summary judgment in favor of John, finding that an easement by necessity existed and that John had sufficiently proven that the easement was strictly necessary. It rejected James' argument regarding the statute of limitations, stating that it "fail[ed] to see how any type of statute of limitations applies in a case where one party claims an easement by necessity. An easement by necessity either exists or it doesn't, and in this case it does." It also found that the release entered into during the parties' mediation concerned other issues and did not contain any agreement regarding the easement. Likewise, it rejected James' argument of unclean hands because there was no proof of "fraud, illegal, or unconscionable behavior" in the record. Finally, the trial court noted that James' argument that any easement should be found to be in gross was without merit, because an easement in gross does not "concern the land itself." James now appeals.

## II. STANDARD OF REVIEW

"The circuit court's decision to grant summary judgment is reviewed *de novo*." *Harstad v. Whiteman*, 338 S.W.3d 804, 809 (Ky.App.2011) (citing *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03. It is appropriate where it "appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr. Inc.*, 807 S.W.2d 476, 480 (Ky.1991). When deciding a motion for summary judgment, the record must be viewed in the light most favorable to the party opposing the motion. *Id.* "The party moving for a summary judgment has the burden of establishing that no genuine issue as to any material fact exists and also that he is entitled to judgment as a matter of law." *Continental Cas. Co., Inc. v. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky.1955).

## III. ANALYSIS

On appeal, James reiterates each of his arguments presented before the trial

---

1. Kentucky Revised Statute.

2. Perhaps the most significant distinction between an easement appurtenant and an easement in gross is that an easement appurtenant has both a dominant and servient tenement; whereas, an easement in gross has only a servient tenement and vests only in the person to which it is granted. *Meade v. Ginn*, 159 S.W.3d 314, 320 (Ky.2004).

3. Kentucky Rule of Civil Procedure.

court.[4] We will address each of these arguments in turn.

### a. Failure to Prove Strict Necessity

■ The elements necessary for an easement by necessity are: 1) unity of ownership of the dominant and servient estates; 2) severance of the unity of title by a conveyance of one of the tracts; and 3) necessity of the use of the servient estate at the time of the division and ownership to provide access to the dominant estate. *Carroll v. Meredith*, 59 S.W.3d 484, 491 (Ky.App.2001).

■ At issue is the third of these elements. James disputes the trial court's finding that John sufficiently demonstrated necessity, or, more specifically, strict necessity. And, Kentucky courts will find an easement by necessity only where the party seeking the easement has proven that the easement is strictly necessary as a means of ingress and egress. *Id.* "Strict necessity has generally been defined as absolute necessity such as where property is landlocked or otherwise inaccessible." *Id.* (footnote omitted). A party must show that there is "no other means of access[.]" *Id.* at 492; *see also Gosney v. Glenn*, 163 S.W.3d 894, 901 (Ky.App.2005).

Here, neither party contests that (1) John's property is "landlocked or otherwise inaccessible" and that (2) there is "no other means of access." Instead, James argues that John should have proven that he could not obtain access through any other adjoining property, and thus should have joined all adjoining landowners in this action.

However, this Court has previously rejected the proposition that a party fails to show necessity where a possibility exists that they could obtain a means of access across another adjacent owner's property. *See Hall v. Coffey*, 715 S.W.2d 249, 250 (Ky.App.1986) ("[i]n our opinion, appell[ee]s' access arrangements with a third party have nothing to do with their legal relationship to their grant[ee]...."); *see also* Kelly Haynes Buzzett & Billy Buzzett, *Establishing Common Law Easements by Necessity: A New Approach to an Old Concept*, 68–MAY Fla. B.J. 83, 84 (1994) ("In an action for a common law way of necessity, however, only the owner of the servient tenement ... must be included as a party to the action."). Furthermore, James cites to no authority that would indicate any such additional showing is required prior to finding an easement by necessity.

■ Also, James seems to imply throughout his brief that because John was aware, or should have been aware, that the property transfer to James left John without any road frontage, he should be precluded from claiming a right of access. However,

> [c]ases of land entirely shut off from access to a highway by land of others present a quite clear case of implication. So clear is the implication that it will be made even in favor of a grantor who has conveyed part of his land in such a way as to leave the remainder without access to a highway.

*Carr v. Barnett*, 580 S.W.2d 237, 240 (Ky.App.1979). Accordingly, we conclude that summary judgment was warranted.

### b. Statute of Limitations

■ James also argues that the trial court erred when it determined that John's claim for an easement by necessity was not barred by a statute of limitations. Both

---

4. James' brief also contains arguments regarding laches and estoppel. We decline to address these arguments, as they were not raised before the trial court, and therefore were not properly preserved. *See Dolomite Energy, LLC v. Commonwealth of Kentucky Office of Financial Institutions*, 269 S.W.3d 883, 888 (Ky.App.2008).

parties argue that a different statute of limitations applies. However, we believe that the trial court properly determined that no statute of limitation applies.

■ Although there is no Kentucky law on point, generally speaking, a claim for an easement by necessity is not subject to a statute of limitations. *William C. Haak Trust v. Wilusz*, 949 N.E.2d 833, 837 (Ind. Ct.App.2011); *Canali v. Satre*, 293 Ill. App.3d 407, 227 Ill.Dec. 870, 688 N.E.2d 351, 354 (1997); *Attaway v. Davis*, 288 Ark. 478, 707 S.W.2d 302, 303 (1986); *Lichty v. Sickels*, 149 Cal.App.3d 696, 197 Cal.Rptr. 137, 142 (1983); *see also* 20 Causes of Action 395 § 21 (2010); Buzzett, 68–MAY Fla. B.J. at 84. These courts reason that a statute of limitations is not appropriate given the nature and policy behind such an easement; *i.e.*, that an easement by necessity is only found to exist upon a showing of necessity and that its duration is limited by that necessity. *See id.* Likewise, it is well established law in Kentucky that "an easement by necessity exists ... so long as it is necessary...." *Carroll*, 59 S.W.3d at 491; *see also Gosney*, 163 S.W.3d at 900. We therefore conclude that the state of our law is consistent with the previously cited authorities. Thus, so long as the necessity exists, an action may be maintained to establish a right of access.

#### b. *Release*

■ We now turn to James' argument that John's claim was barred by the parties' mediation agreement, which was executed approximately a year and a half prior to the filing of this action. In his unsupported cross-motion for summary judgment, James argued that John had previously entered into an agreement releasing all claims with respect to the ease-ment.[5] In pertinent part, the agreement in question states that it "shall settle all claims of whatsoever nature between the parties and a mutual release shall be executed by and between all family members, partnership, Cabinet Co. and Marble Shop."

John, on the other hand, argues that the agreement arose from an entirely different dispute, involving additional parties, and that they executed it in their capacities as principals in the business of Carroll Cabinet Company. In support of his motion for summary judgment, John submitted the affidavit of David Carroll, who attested that

[he] was involved in and a party to a legal dispute in 2006....

....

[He] was present during and throughout the mediation held on August 8, 2006 ... and as a result thereof signed a written memorandum of settlement regarding [ownership of businesses].

....

At some point during the mediation [he] recall[ed] the issue being raised regarding [John's] claim for an easement to his property over the property owned by [James].

It was thereafter discussed and understood by all of the individuals present at the mediation that issues being mediated were exclusively those related to business and business property. It was clearly discussed and understood that the easement and other personal issues were not a part of the issues being mediated and would be discussed and addressed at a later time as part of a separate proceeding.

This affidavit was submitted without objection, and the trial court relied upon the

**5.** James did not submit a copy of the agreement with his response and cross-motion for summary judgment. However, John attached a copy, along with the affidavit of David Carroll, to his response to the motion.

language of the affidavit and release when determining that the release did not address John's easement claim. Furthermore, James did not offer any evidence to rebut David Carroll's testimony that the release did not address John's easement claim. It was James' burden as the movant to produce evidence warranting summary judgment in his favor. *Continental Casualty Co., Inc.*, 281 S.W.2d at 916. We therefore conclude that the trial court correctly denied James' cross-motion for summary judgment, and did not otherwise err.

### c. Unclean Hands

■ James next argues that John should be barred from asserting his claim under the doctrine of unclean hands. Specifically, James argues that, in "what appears to be an effort to avoid Planning & Zoning, John ... engaged in a series of transfers and transactions that involve subdividing and re-conveying property." The trial court determined that James failed to present any evidence supporting this contention. We agree.

A party is said to have "unclean hands," and is thus precluded from seeking relief, where he "engaged in fraudulent, illegal, or unconscionable conduct" with respect to "the matter in litigation." *Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky.App.2007) (citing *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky.1952)). Although the doctrine is quite broad, it will not be applied in every occurrence of " 'inequity or deceit' in relation to the matter in which relief is sought." *Id.* (quoting *Parris' Adm'r v. John W. Manning & Sons*, 284 Ky. 225, 144 S.W.2d 490, 492 (1940)).

Although James states in his brief that it is "clear that [John] came into the court with unclean hands," James failed to provide any evidence to support his allegations of fraud, illegality, or unconscionable conduct. While he appears to argue that the property transfers are evidence of such conduct, we fail to see how the transfers

alone, even if in violation of planning and zoning requirements, demonstrate this. Moreover, if this were the case, James would likewise be implicated, as he was party to at least two of the three transfers of land at issue. We therefore conclude that his argument lacks all merit.

### d. Gross versus Appurtenant Easement

■ James' final argument is that the trial court erred when granting John an easement appurtenant, rather than an easement in gross. This argument also lacks merit.

"[T]he principle distinction between an easement in gross and an easement appurtenant is that in the first there is not, and in the second there is, a dominant tenement to which it is attached." *Meade*, 159 S.W.3d at 320. In other words, easements appurtenant have a dominant and servient tenement, while easements in gross do not. *Id.; Wells v. North East Coal Co.*, 255 Ky. 63, 72 S.W.2d 745, 747 (1934).

Therefore, by definition, an easement by necessity must always be appurtenant, because there must be both a dominant and servient estate before a court may find an easement by necessity. *Carroll*, 59 S.W.3d at 491. In addition, Kentucky courts disfavor easements in gross and will construe an easement as appurtenant whenever possible. *Meade*, 159 S.W.3d at 320–21 (citing *Martin v. Music*, 254 S.W.2d 701, 703 (Ky.1953)). Accordingly, we find no error.

## IV. CONCLUSION

For the aforementioned reasons, the order of the Warren Circuit Court is AFFIRMED.

ALL CONCUR.