**[J-32-2019] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| THADDEUS BARTKOWSKI, III AND CRYSTAL ANNE CRAWFORD, | : | No. 60 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellees | : | Court at Nos. 432 EDA 2017 and 521 |
| | : | EDA 2017 dated January 22, 2018, |
| | : | Reconsideration denied March 22, |
| v. | : | 2018, Affirming in part and Vacating in |
| | : | part the Judgment of the Chester |
| | : | County Court of Common Pleas, Civil |
| KENNETH RAMONDO AND THERESE-CECILIA RAMONDO, | : | Division, at No. 15-05842 entered |
| | : | January 27, 2017 and Remanding. |
| | : | |
| Appellants | : | ARGUED: April 11, 2019 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                     **DECIDED: October 31, 2019**

Nearly two hundred years ago, in a case involving principles similar to those implicated in this case, this Court noted:

> The right of way from necessity, over the land of another, is always of *strict necessity*, and this necessity must not be created by the party claiming the right of way. It never exists where a man can get to his property through his own land. That a road through his neighbours [sic] would be a better road, more convenient or less expensive is not to the purpose; that the passage through his own land is too steep or two [sic] narrow does not alter the case. It is only where there is no way through his own land, that the right of way over the land of another can exist.

*M'Donald v. Lindall*, 3 Rawle 492, 495 (1827) (emphasis in original).

The *M'Donald* court appears to have settled upon a narrow definition of "strict necessity," namely, that impossibility is the sole basis upon which relief may be granted.

As expressed by one commentator, "[t]he application of a strict necessity standard requires the claimant to prove that without the way of necessity, there would be no way to get to the alleged dominant tract and it would therefore be rendered useless."  11 Jeffrey R. Sang, AM. JUR. PROOF OF FACTS 3D 601, § 6 (2019).

I respectfully disagree with the majority that "[t]o require a party to prove impossibility of alternative access is to stretch 'strict necessity' beyond its intended meaning."  Majority Op. at 15.  Because the focus is on meaning, it is instructive to consider the dictionary definitions of the terms involved.  Merriam-Webster defines "strict," in relevant part, as "inflexibly maintained or adhered to."  *Strict Definition*, MERRIAM-WEBSTER.COM, http:/dictionary/strict (last visited September 3, 2019).  It defines "necessity," in relevant part, as "the quality or state of being necessary."  *Necessity Definition*, MERRIAM-WEBSTER.COM, http:/dictionary/strict (last visited September 3, 2019).  It defines "necessary," in relevant part, as "absolutely needed: REQUIRED."  *Necessary Definition*, MERRIAM-WEBSTER.COM, http:/dictionary/strict (last visited September 3, 2019).  Accordingly, I believe it is appropriate to require anyone who seeks an easement by necessity to establish that no alternative exists.  This approach has been adopted by other jurisdictions.  *See*, *Charles A. Murray Trust v. Futrell*, 840 N.W.2d 775 (Mich. Ct. App. 2013) (rejecting the application of the reasonable-necessity standard for easements by necessity, and holding that "the strict necessity standard . . . remains the law in Michigan today."); *Gacki v. Bartels*, 859 N.E.2d 1178, 1186 (Ill.  App. Ct. 2006) ("[T]he plaintiff must show that there were and are no alternative means of access to his property."); *Carroll v. Meredith*, 59 S.W.3d 484, 491 (Ky. Ct. App. 2001) ("[A] requirement of strict necessity has traditionally applied to easements or ways of necessity).  Strict necessity has generally been defined as absolute necessity as where property is landlocked or otherwise inaccessible."); *Tiller v. Hinton*, 482 N.E.2d 946, 950 (Oh. 1985)

(no easement of necessity where "there is an alternative outlet to a public way even though it is less convenient or more expensive.").

I am concerned that the approach adopted by the majority will have the effect of unreasonably compromising the rights of the proposed servient estate despite the majority's recognition of "the sanctity of property rights." Majority Op. at 20. We must be cognizant of the fact that "[p]roperty rights have been described as the rights to 'possess, use and dispose of [property].'" *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982) (citation omitted). Furthermore, "['t]he power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights.'" *Id.* (citation omitted). A third party who tramples on these rights by asserting an entitlement to use his neighbor's land against his neighbor's wishes should be required to establish that it is impossible for him to access his property otherwise.

Applying these principles to the instant matter, I would affirm the order of the Superior Court. As the trial court noted:

> The property owned by the Ramondos is not landlocked. Although the creation of a new driveway or access point for the Ramondos may be inconvenient and costly for them, the property does not fit the requirement of strict necessity that must be present for a finding of an easement by necessity. Furthermore, although the Ramondos believe that approval from the Township to relocate the driveway may be difficult, the evidence did not demonstrate impossibility and thus necessity.

Trial Court Decision 9/19/16, at 18.

The Superior Court recognized that "because a new driveway is possible, even if difficult and expensive, the trial court properly denied the Ramondos' claim for an

easement by necessity." *Bartkowski v. Ramondo*, Nos. 432 & 521 EDA 2017, unpublished memorandum at 13 (Pa. Super. filed January 22, 2018).[1]

Accordingly, I respectfully dissent.


Justice Donohue joins this dissenting opinion.

---

[1] The record establishes that title to the Barkowski and Ramondo properties was held by a common grantor. It is also clear that the unity of title was severed when the common grantor subdivided the land in 1967. As recognized by the majority, "the only factual dispute before the court concerned whether the Ramondo driveway's encroachment upon the Bartkowski pole was "necessary in order for the [Ramondos] to use [their] land, with the necessity existing both at the time of the severance of title and at the time of the exercise of the easement." Majority Op., at 14 (citing *Youst v. Keck's Food Serv., Inc.*, 94 A.3d 1057, 1075 (Pa. Super. 2014). The record contains no evidence whether the physical characteristics of the land in question are the same as existed at the time of severance. Furthermore, the Ramondos' argument in favor of a finding of necessity relies on their expert's opinion regarding "the amount of regulatory relief and permitting needed to install a driveway on the Ramondos' property." Report of Daniel E. Molloy, PE, 6/22/16 at 3. Given the dearth of record evidence regarding state and local regulations at the time of the subdivision in 1967, and the importance of the current regulations in Mr. Malloy's opinion, the conclusion that the alleged necessity existed at the time of the severance is not supported by the record.