BARBARA T. DUDLEY, Plaintiff and Counterdefendant-Appellee, v. DAVID W. NETELER, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 4—08—0481

Opinion filed June 25, 2009.

Nolan Lipsky, of Petersburg, for appellant.

Alan D. Tucker, of Havana, and Amy N. Williams, of Londrigan, Potter & Randle, P.C., of Springfield, for appellee.

JUSTICE APPLETON delivered the opinion the court:

In January 1996, Irene Neteler, defendant's great aunt, conveyed a tract of land in Mason County by warranty deed to defendant, David W. Neteler, and his wife. Six months later, Irene conveyed an adjacent tract to Clark L. Dudley. After Clark's death, plaintiff, Barbara T. Dudley, became the owner of this tract by virtue of Clark's last will and testament. A house straddled the adjacent tracts. The deed to plaintiff (for ease and clarity, we refer to the deed to Clark L. Dudley as the deed to plaintiff) reserved a life estate in the home. The deed to defendant did not. In response to a claim by defendant, plaintiff filed a complaint to quiet title and, later, a motion for summary judgment. The trial court granted plaintiff summary judgment, and defendant appealed. We affirm in part, albeit for reasons not articulated by the trial court, and remand with directions for further proceedings.

## I. BACKGROUND

On January 31, 1996, Irene Neteler, individually, and in her capacity as trustee of the Clarence E. Neteler and Irene Neteler Trust, conveyed by warranty deed to her great nephew (defendant) and his wife a tract of land in Neteler's Matanza Beach Outing Place in Havana. According to the parties, Irene did not include any limitations in the conveyance. (However, we note the following language appeared in Irene's deed to defendant: "(SEE EASEMENT CONVEYANCE ATTACHED)." This "easement conveyance" was not attached to the deed and does not appear anywhere in the record. Further, neither party, nor the trial court, referred to or acknowledged this language.)

On July 22, 1996, Irene conveyed by warranty deed to Clark L. Dudley, lots 2 and 3 of Neteler's Matanza Beach Outing Place, the tract directly adjacent to the tract conveyed to defendant. This deed reserved a life estate "in the home located on aforesaid premises." Presumably, Irene lived in the home until the time of her death. (The record does not make clear when Irene died. Defendant asserts that he resided with her in the home until April 2002. However, the Mason County property record card notes Irene's death occurred in May 2006.)

According to Mason County tax records that were attached to plaintiff's complaint, the residence, built in 1975, was taxed as part of plaintiff's tract. Defendant's tract was taxed as vacant land. A subsequent survey revealed the house sat on parts of both tracts.

On August 2, 2006, defendant forwarded a letter to plaintiff informing her of the following: "The residence at 1350CR 1390E, Matanzas [sic] Beach, Havana, Illinois[,] sets on the property that I own[.] [P]lease contact me as to whether you intend to have this structure moved or if you would like to discuss other options."

On November 6, 2006, plaintiff filed a quiet-title action. She alleged that, as Clark L. Dudley's successor in interest by way of his last will and testament, she was entitled to possession and ownership of the residence, free and clear of any claim from defendant. She alleged she was in possession of the property, and defendant's claim constituted a cloud on her title.

On February 16, 2007, defendant filed an answer to plaintiff's complaint and a countercomplaint to quiet title. Defendant admitted that the residence had been constructed over both parcels and asserted that if there was a cloud of title on plaintiff's parcel, then there was a cloud of title on his as well.

On July 18, 2007, plaintiff filed a motion for summary judgment, claiming that no genuine issues of disputed material fact remain and

she was entitled to a judgment as a matter of law. She attached to her motion affidavits of William R. Blessman, Mason County clerk and recorder of deeds, who swore to the authenticity of the deeds; Candy Tomlin, Mason County treasurer, who swore to the authenticity of the tax bill; and Kristy J. Poler, Mason County supervisor of assessments, who swore to the authenticity of the property record card.

In opposition to plaintiff's motion for summary judgment, defendant filed an affidavit in which he averred that he "enjoyed a very close relationship" with his great aunt and uncle. Prior to his great uncle's death in November 1995, defendant promised him that he "would do everything possible to keep Irene from having to spend her later years in a nursing home." Defendant lived with and cared for Irene from May 2001 to April 2002. Irene appointed defendant her power of attorney for medical care and financial issues in May 2001 and August 2001, respectively.

On October 15, 2007, the trial court conducted a hearing on plaintiff's motion for summary judgment. Neither party presented other evidence. The court considered the parties' arguments and allowed each to submit memoranda of law and written argument within 30 days.

On February 28, 2008, the trial court granted plaintiff's motion for summary judgment, finding as follows: "Based upon the foregoing, it is obvious to this [c]ourt that the intent of the grantor Irene Neteler was to convey the home in which she reserved a life estate to Clark L. Dudley, and thus [plaintiff] should prevail in these proceedings." The court entered a judgment quieting plaintiff's title to the real property upon which the house is situated, as well as the "surrounding curtilage of the residential dwelling in the same manner as had been maintained by the grantor during her lifetime," free and clear of any claim by defendant.

On March 25, 2008, defendant filed a motion to reconsider, claiming he had not asserted an adverse claim to the real estate; therefore, a quiet-title action could not lie. On June 4, 2008, the trial court denied defendant's motion. This appeal followed.

## II. ANALYSIS

" 'It is a fundamental requirement in an action to quiet title *** that the plaintiff must recover on the strength of his own title, although it is not required that a perfect title be established.' [Citations.] To prevail in a quiet title action, plaintiffs must establish title superior to that of defendants." *Marlow v. Malone*, 315 Ill. App. 3d 807, 812, 734 N.E.2d 195, 200 (2000). In granting plaintiff summary judgment, the trial court found plaintiff's title to be superior to

defendant's. Defendant claims summary judgment is improper in this case because three material facts remain in dispute: (1) whether defendant has a valid interest in the residence; (2) whether plaintiff is in actual possession of the residence; and (3) the grantor's intent at the time she conveyed the properties to plaintiff and defendant. While we rest our decision on different grounds than those relied upon by the trial court, we affirm its result. See *City of Chicago v. Holland*, 206 Ill. 2d 480, 491-92, 795 N.E.2d 240, 247-48 (2003) (a reviewing court's function is to determine whether the trial court reached the proper result, not whether it applied the proper reasoning).

Summary judgment is proper when the pleadings, depositions, and other matters of record establish there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335, 775 N.E.2d 987, 993-94 (2002). In granting plaintiff summary judgment, the trial court relied on two undisputed facts to draw the inference that the grantor had intended to deed the residence to plaintiff: (1) the grantor reserved a life estate in the residence in the deed to plaintiff but not to defendant, and (2) the tax bill to plaintiff included tax on the residence where the tax bill to defendant did not. From these facts, the court inferred that "it [was] obvious" that Irene had intended to include the residence as part of the property conveyed to plaintiff and entered a judgment quieting plaintiff's title from defendant's claim. We agree with the court's inference, based on the undisputed facts set forth above, that Irene intended to deed the residence to plaintiff, but rather than awarding her a judgment quieting her title, we hold that plaintiff is entitled to a declaratory judgment—finding she owns an implied easement in that portion of the home located on defendant's tract.

■ An implied easement arises when courts must infer the intention of the parties to a conveyance of land from the circumstances surrounding the conveyance because the parties did not put any such intention into words at the time of the conveyance. *Granite Properties Limited Partnership v. Manns*, 117 Ill. 2d 425, 437, 512 N.E.2d 1230, 1237 (1987). These implied servitudes normally arise upon the severence of a single possessory interest into two or more possessory interests. Restatement (Third) of Property, Servitudes §2.11, Comment *d*, at 155 (2000). The intention of the parties to the conveyance that severs title is the crucial consideration. Therefore, "whether an easement exists depends wholly on the circumstances at the time of the severance of title." (Emphasis omitted.) *Emanuel v. Hernandez*, 313 Ill. App. 3d 192, 196, 728 N.E.2d 1249, 1252 (2000).

There are two types of implied easements—an easement by necessity and an easement implied from a preexisting use. An easement by

necessity usually arises when, upon a conveyance, a parcel becomes landlocked or otherwise incapable of enjoyment. In that instance, a grantee may be found to have a right-of-way across the grantor's retained portion or a portion conveyed to a stranger that was once the grantor's parcel. *Granite Properties*, 117 Ill. 2d at 435-36, 512 N.E.2d at 1236.

█ The more appropriate implied easement for the situation before us is the easement implied from a preexisting use, also characterized as a quasi-easement. Such an easement arises where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part. The servitude must be in use at the time of severance and necessary for the reasonable enjoyment of the severed part. A grant of a right to continue such use arises by implication of law. C. Marvel, Annot., *What Constitutes Unity of Title or Ownership Sufficient for Creation of an Easement by Implication or Way of Necessity*, 94 A.L.R.3d 502 (1979). An implied easement from a preexisting use is established by proof of three elements: (1) "common ownership of the claimed dominant and servient parcels and a subsequent conveyance or transfer separating that ownership"; (2) before severance, "the common owner used part of the united parcel for the benefit of another part, and this use was apparent and obvious, continuous, and permanent"; and (3) "the claimed easement is necessary and beneficial to the enjoyment of the parcel conveyed or retained by the grantor or transferrer." *Granite Properties*, 117 Ill. 2d at 437, 512 N.E.2d at 1236; see also *Gacki v. Bartels*, 369 Ill. App. 3d 284, 290, 859 N.E.2d 1178, 1184 (2006); *Emanuel*, 313 Ill. App. 3d at 197, 728 N.E.2d at 1253.

█ Our supreme court defined an implied easement by preexisting use as follows:

"[W]here an owner of a tract of land or of two or more adjoining parcels uses it so that a part derives an advantage from the other part, which benefit or advantage appears to be of a continuous and permanent nature, and then such owners sells the part in favor of which the use is made, the purchaser, in addition to the title conveyed, receives the advantage or benefit by implication. If the part conveyed is burdened with an advantage or use for the benefit of another part, then the purchaser of the part so conveyed takes title subject to the burden by implication." *Leitch v. Hine*, 393 Ill. 211, 225-26, 66 N.E.2d 90, 97 (1946).

It is well settled that the prior use of the then commonly owned tracts must be so open and obvious as to support the presumption that the common owner permanently intended to preserve the nature of the servitudes or that she "intended to convey the property and

rights so that the purchaser could have full use of the property." *Leitch*, 393 Ill. at 227, 66 N.E.2d 97.

> "The prior use must have been such as to give rise to the inference that the parties expected the use to continue after severance. Traditionally[,] this requirement has been stated in terms of continuous, or permanent, use. However, focusing on the reasonable expectations of the parties gives the more accurate view, which is that the use must be more than merely temporary or casual." Restatement (Third) of Property, Servitudes §2.12, Comment *d*, at 198 (2000).

■ Applying these principles, we conclude that as part of her conveyance, Irene conveyed to plaintiff the dominant estate with a grant of an implied easement by preexisting use over *all* of the property upon which the residence is located, reserving for herself a life estate in the residence. In turn, Irene conveyed to defendant his tract, the servient estate, subject to this easement. This is so because all three elements of an implied easement by preexisting use have been met in this case. First, prior to January 1996, both parcels in question were owned by Irene, the common grantor. She lived in the home that straddled two separate tracts, both owned by her. In January 1996, Irene severed the parcels into dominant and servient estates by conveying to defendant the servient tenement while retaining ownership of the dominant tenement. In July 1996, Irene conveyed the dominant tenement to plaintiff.

Second, before the severance of the unity of title, Irene used part of one parcel for the benefit of the other. The driveway, garage, and half of the house sat on the dominant tenement while the other half of the house sat on the servient tenement. Irene used a portion of the servient tenement to benefit the dominant tenement in order to make use of the entire residence. This use of the entirety of this property was "apparent and obvious, continuous, and permanent." See *Granite Properties*, 117 Ill. 2d at 437, 512 N.E.2d at 1236. Defendant himself resided in the home between May 2001 and April 2002 and made use of the property in the same nature as Irene. He was fully aware of the obvious use of both parcels.

Third, the claimed easement is necessary to plaintiff's enjoyment of the parcel conveyed. In order for plaintiff to receive the full benefit of the residence which Irene conveyed to her, it is necessary that she have full use of the *entire* residence, including that portion and the supporting curtilage located upon defendant's property.

These factors indicate that Irene intended to give plaintiff an easement across defendant's land for the purpose of plaintiff's ability to fully use and enjoy the residence located thereon. As a matter of law,

Irene granted plaintiff an implied easement over the servient estate at the time of her conveyance. C. Marvel, Annot., *What Constitutes Unity of Title or Ownership Sufficient for Creation of an Easement by Implication or Way of Necessity*, 94 A.L.R.3d 502 (1979).

Thus, we affirm the trial court's order granting plaintiff a summary judgment for the reasons stated above. However, we remand the cause with directions for the trial court to conduct an evidentiary hearing to determine the extent of the curtilage, if any, that existed as a part of the conveyed easement based upon the established and necessary usage historically established by the grantor's use. See *Mund v. Friedman*, 89 Ill. App. 2d 338, 351, 232 N.E.2d 757, 763-64 (1967) (a conveyance of a house includes all the land necessary to full use and enjoyment thereof).

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's order granting plaintiff summary judgment. We remand the cause for the specific purpose of conducting an evidentiary hearing to determine the extent of the curtilage related to the home.

Affirmed and remanded with directions.

McCULLOUGH, P.J., and STEIGMANN, J., concur.